# In re Andrew L. and Helen K. Orzel

[491 A.2d 1013]

No. 83-479

Present: Hill, Underwood, Peck and Gibson, JJ., and Larrow, J. (Ret.),
Specially Assigned

Opinion Filed January 25, 1985

Motion for Reargument Denied March 4, 1985

356

*Lorentz and Lorentz,* Rutland, for Petitioners-Appellants.

*John J. Easton, Jr.,* Attorney General, and *Merideth Wright,* Assistant Attorney General, Montpelier, for amicus curiae Environmental Board.

**Hill, J.** The petitioners, Andrew and Helen Orzel, appeal the decision in two declaratory rulings issued by the State of Vermont Environmental Board (Board). Based on the findings of the Board in its rulings, we affirm its decision.

In 1973, petitioners purchased a ten-acre piece of property in the Town of Rutland. This property, which adjoins other property owned by the petitioners, is commonly known as "the gravel pit." The gravel pit had been used intermittently by previous owners for the extraction of gravel. In 1978, the petitioners sold, and had removed, approximately 40,000 cubic yards of gravel from the pit. At that time, an environmental investigator visited the site and determined no permit was required, under the provisions of 10 V.S.A. chap. 151 (hereinafter referred to as Act 250), for that operation. The following year, in 1979, another buyer proposed to remove gravel from the pit. This time, an employee of the Agency of Environmental Conservation advised the petitioners that an Act 250 permit would be required for the proposed operation.

In October of 1982, petitioners petitioned the Board for a declaratory ruling on whether or not an Act 250 permit is required for the removal of gravel from the gravel pit. Petitioners alleged that a permit was not required for two reasons. First, they alleged that the operation was a pre-existing development in operation before the effective date of Act 250 and therefore, under 10 V.S.A. § 6081(b), no permit was required for its continued operation. Second, the petitioners alleged that because an environmental inspector told them in 1978 that no permit was needed, the agency is estopped from later requiring a permit for the gravel pit's continued operation.

Following a hearing, the Board issued findings of facts, conclusions of law, and an order. Based on its findings, the Board concluded that it was unable to determine whether a permit was required. It stated the evidence presented was insufficient to establish whether the gravel pit was a commercial operation in existence as of the enactment of Act 250, or whether it was a substantial change to a pre-existing operation. The Board also concluded that the representations of the inspector in 1978 did not preclude requiring petitioners to obtain a permit for future operations. The Board then ordered the petitioners to obtain an Act 250 permit, or request review by the District #1 Environmental Coordinator when they have developed more precise information on the elements, scope and nature of the intended operation.

The petitioners again petitioned the Board for a declaratory ruling as to whether an Act 250 permit is required for the operation of their gravel pit. Specifically, they requested the Board to make three determinations: first, whether the gravel pit operation pre-dated the enactment of Act 250; second, under what circumstances and/or conditions the gravel pit could be operated without requiring a permit; and third, whether a permit would have been required for the proposed 1979 excavation. The Board reviewed this request and agreed to reconsider its earlier decision, and to accept additional information for use in reviewing the matter. The only additional information received was two pages from the Town of Rutland Annual Report indicating the purchase of gravel in 1965 and 1967 from previous owners of the gravel pit. The Board found that this information lacked probative value in light of the evidence already in the record. It then denied further consideration of the matter and decided that its prior findings of fact, its conclusions of law and its order constituted its final decision on petitioners' declaratory ruling request.

## I.

Petitioners' first two claims on appeal pertain to the Board's failure to determine whether an Act 250 permit is required for continued operation of the petitioners' gravel pit. Petitioners make no objection on appeal to the Board's findings of fact. They are, therefore, controlling in this case. Petitioners, however, do argue that the findings do not support the

conclusions of law reached by the Board. On appeal, an agency's conclusions of law will be upheld if they are fairly and reasonably supported by the findings of fact. *In re McGrath*, 138 Vt. 77, 82, 411 A.2d 1362, 1365 (1980). The petitioners argue that the Board's conclusion that it was unable to determine whether there was an operation in existence as of the enactment of Act 250 is not supported by its findings. We agree with the petitioners. The findings state that the previous owners of the property intermittently had sand and gravel removed from the gravel pit. The findings state that this was done before the enactment of Act 250. No evidence presented, nor finding made, indicates that the operations, although intermittent, were abandoned at any time. Consequently, as the petitioners allege, based on the findings of the Board, it must be concluded that there was a commercial operation in existence as of the enactment of Act 250. This conclusion, however, is not sufficient to preclude the requiring of a permit for continued operation.

Title 10 V.S.A. § 6081(b) states that, although pre-existing operations are exempted from the requirement of having a permit, such exemption does not apply "to any substantial change in such excepted subdivision or development." It must therefore be determined whether the continued operation of the gravel pit constitutes a substantial change in the development. One of the Board's findings of fact stated: "Petitioners have no specific proposal for operation at this time." Based on this finding, the Board concluded that it was unable to determine whether or not there is a substantial change to a pre-existing operation. The Board's finding that there are no specific plans for the continued operation of the gravel pit fairly and reasonably supports its conclusion that it cannot be determined whether future operation will constitute a substantial change. The Board cannot determine whether some activity constitutes a substantial change to a pre-existing operation unless it is made aware of what that activity is. The Board's conclusion regarding substantial change is therefore upheld.

Petitioners also argue that it was error for the Board to have made its determination regarding substantial change because the petitioners had no notice that substantial change

would be an issue at the hearing. The statute is clear in setting forth when a permit is required, and when an operation is exempt. 10 V.S.A. § 6081. Petitioners were represented by counsel throughout the proceedings. They requested the Board to make a declaratory ruling. It is their responsibility to know the issues which are necessary to address in order for the Board to make the requested ruling. The petitioners were also given a second opportunity to present evidence to the Board regarding the permit requirement. In light of the Board's conclusions in the first ruling, the petitioners had notice that more information regarding their proposed plans would be needed before the Board could issue a ruling. There is no valid reason why they didn't provide the Board with such information.

In the petitioners' second request for a declaratory ruling, they asked the Board to issue guidelines and tell them under what circumstances the gravel pit could be operated without requiring a permit. The Board failed to do this, and the petitioners allege that the Board's failure was error. It is not the Board's function to outline for petitioners activities which would or would not require permits. The purpose of a declaratory ruling is to determine the applicability of a statutory provision, rule or order. Environmental Board Rules 3(D). Its purpose is distinct from the Board's rulemaking function. In a prior declaratory ruling the Board itself stated that a request for a declaratory ruling, regarding the establishment of guidelines, raises a question of general applicability which should be addressed in formal rulemaking. *In re Pike Industries, Inc.,* Environmental Board Declaratory Ruling No. 96 (September 29, 1978). The issuing of guidelines is beyond the scope of a declaratory ruling. Therefore, no error occurred as a consequence of the Board's failure to issue guidelines for the petitioners.

## II.

Petitioners also allege that the Board exceeded its authority, as set forth in 10 V.S.A. § 6085, by enacting a rule defining substantial change as "any change in a development or subdivision which may result in significant impact with respect to any of the criteria specified in 10 V.S.A. section 6086(a)(1) through (a)(10)." Rule 2(G), Act 250 Environ-

mental Board Rules. In reviewing administrative regulations, we must find that so long as the substantive requirements of the enabling statute are not compromised, the regulations are valid. *In re Agency of Administration, State Buildings Division*, 141 Vt. 68, 81, 444 A.2d 1349, 1355 (1982). Furthermore, "[i]t is a 'venerable principle that construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong.'" *Committee to Save the Bishop's House, Inc. v. Medical Center Hospital of Vermont, Inc.*, 137 Vt. 142, 150–51, 400 A.2d 1015, 1019–20 (1979) (quoting *Red Lion Broadcasting Co. v. Federal Communications Commission*, 395 U.S. 367, 381 (1969) (footnote omitted)). In light of this highly deferential standard with which we approach a review of an agency's regulations, we find no error in the Board's definition of substantial change.

### III.

The petitioners' final argument is that the Board erred in determining that the environmental agency was not estopped from claiming jurisdiction over the development because of actions of its employee. In its findings of fact, the Board found that in 1978 petitioners were advised by an employee of the Environmental Conservation Agency (Agency) that the removal of 40,000 cubic yards of gravel from the gravel pit did not require a permit. There is no evidence in the record indicating upon what information this determination was based. Petitioners claim that this determination prevents the Board from claiming, at a later date, that a permit is required for the continued use of the gravel pit. The statute states that a permit is required for any substantial change in a pre-existing development. 10 V.S.A. § 6081(b). To find that the representation by the Agency's inspector prevents the Board from ever finding that petitioners need a permit fails to give meaning to the "substantial change" language of the statute. See also *In re Agency of Administration, supra,* 141 Vt. at 80–81, 444 A.2d at 1355 (remarks by state employee will not color court's construction of legal language). Because a development is exempt at one time does not mean it will always be exempt. The inspector's representations, therefore, did

not estop the Board from concluding that it had jurisdiction over the development which occurred after 1978.

*Affirmed.*