## Bruce J. Levinsky, et al. v. State of Vermont

[503 A.2d 534]

No. 84-393

Present: **Allen, C.J., Hill, Gibson and Hayes, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed October 4, 1985

Motion for Reargument Denied December 20, 1985

*Richard E. Davis* and *Edwin W. Free, Jr.*, of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiffs-Appellants.

*Jeffrey L. Amestoy*, Attorney General, and *William Griffin*, Chief Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Per Curiam.** Plaintiff, Bruce J. Levinsky, brought an action denominated "action for declaratory judgment." The action was dismissed because "the appropriate avenue for relief in this matter was through the use of Rule 60(b), rather than through a petition for declaratory judgment." This dismissal was appealed to this Court and returned for a rehearing before a properly constituted court. An order granting summary judgment for the defendant was then issued. From that order plaintiffs appealed. We affirm.

A declaratory judgment action is not necessarily barred by the existence of another remedy. However, where an alternate form of relief is available, the court, in the exercise of its discretion, may determine that the granting of declaratory relief is inappropriate. *In re State Aid Highway No. 1, Peru,* 133 Vt. 4, 8, 328 A.2d 667, 669 (1974). There has been no showing of an abuse of discretion in this case.

If this action is to be construed as a V.R.C.P. 60(b)(3) motion, it was filed out of time and properly dismissed. Plaintiff contends that V.R.C.P. 60(b)(6), which allows a motion for relief from judgment to be filed within a reasonable time, takes this matter outside the one year time limitation. However, this catch-all provision "is available only when a ground justifying relief is not encompassed within any of the first five classes of the rule."

*Alexander* v. *Dupuis,* 140 Vt. 122, 124, 435 A.2d 693, 694 (1981). The ground for relief asserted here, duress, clearly comes within V.R.C.P. 60(b)(3) (misconduct by another party) and the action is thus barred by the one year time limitation contained in the rule.

*Affirmed.*

## On Motion for Reargument

**Per Curiam.** By motion for reargument, appellant contends that this Court's per curiam opinion failed to address his claim that his petition for declaratory judgment was an independent action in equity to set aside a judgment.

We acknowledge the oversight; this issue was fully briefed and argued on appeal. We have determined, however, that the result of our prior decision would not be affected by our consideration of this issue and, therefore, we deny appellant's motion for reargument. See V.R.A.P. 40.

As appellant rightly points out, Rule 60(b) clearly states that it "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court." V.R.C.P. 60(b). This Court has not yet had opportunity to define the parameters of such actions. The Vermont rule, however, is substantially identical to Federal Rule 60. See Reporter's Notes, V.R.C.P. 60. Accordingly, we turn to decisions of the federal courts for guidance on this question.

It has long been recognized that the independent action clause in Rule 60(b) simply "preserves the historical authority of the courts of equity to reform judgments in special circumstances." *Carr* v. *District of Columbia,* 543 F.2d 917, 926 (D.C. Cir. 1976); see *West Virginia Oil & Gas Co.* v. *George E. Breece Lumber Co.,* 213 F.2d 702, 705 (5th Cir. 1954) (courts of equity historically have granted relief from judgments unconscionably obtained). This power has been and must continue to be exercised guardedly, as it carries with it an inevitable clash of two competing principles of judicial administration: the principle of finality and repose of judgments, which is so fundamental to our system of justice, and the ultimate principle that justice must be done unto the parties. See *Hazel-Atlas Glass Co.* v. *Hartford-Empire Co.,* 322 U.S. 238, 244 (1944); *West Virginia Oil & Gas Co., supra,* 213 F.2d at 704.

■ Although it is impossible to define precisely the scope of a court's equitable jurisdiction to set aside a judgment, the essential elements of the independent action are as follows:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Bankers Mortgage Co.* v. *United States,* 423 F.2d 73, 79 (5th Cir. 1970) (quoting *National Surety Co.* v. *State Bank,* 120 F. 593, 599 (8th Cir. 1903)).

In this case, appellant alleged that the State threatened him with an unfounded prosecution and forced him to sign a stipulated judgment to avoid the risk of imprisonment and the financial burden of defending himself. This allegation cannot support an independent action to set aside a judgment on the facts of this case.

Appellant here was at all times aware of the evidence against him. Although he maintained his innocence throughout, he chose to sign a stipulated judgment rather than face the possible risks of an adverse verdict. He did this before the court with counsel present, knowing the consequences of his actions. This is similar to entering a nolo contendere plea under V.R.Cr.P. 11(b).

■ In essence, appellant is arguing that he should be allowed to maintain this action and contest the charges against him because he now realizes he made an error in judgment. It is nowhere apparent, however, that mistake, accident, or fraud prevented appellant from presenting a meritorious defense in the original proceeding. Since we find this essential element to be missing, appellant's independent action to set aside the judgment must fail. See *Bankers Mortgage Co., supra,* 423 F.2d at 79; see also *M. W. Zack Metal Co.* v. *International Navigation Corporation of Monrovia,* 675 F.2d 525, 529 (2d Cir. 1982) (quoting *Serzysko* v. *Chase Manhattan Bank,* 461 F.2d 699, 702 n.2 (2d Cir.), *cert. denied,* 409 U.S. 883 (1972)) ("an independent action . . . may not be entertained if 'there was an opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action.' ").

*Motion for reargument denied.*