# Petition of D.A. Associates

[547 A.2d 1325]

No. 86-599

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed April 8, 1988

Motion for Reargument Denied May 11, 1988

*A. Jay Kenlan* and *John M. Ruggiero* of *Abell, Kenlan, Schwiebert & Hall, P.C.*, Rutland, for Petitioner-Appellant.

*Jeffrey L. Amestoy, Attorney General,* and *John H. Hasen, Assistant Attorney General,* Montpelier, for Respondent-Appellee.

**Peck, J.** This is an appeal by D.A. Associates (petitioner) from a declaratory ruling by the Commissioner of the Department of Water Resources and Environmental Engineering (Commissioner). The ruling, inter alia, affirms certain conditions contained in a certificate of compliance issued to petitioner by the Pittsford Regional Office of the Department relating to the former's construction of condominiums in the Town of Sherburne. Petitioner objected to these conditions and sought relief through its request to the Commissioner for a declaratory ruling under 3 V.S.A. § 808. A ruling was subsequently issued; this appeal followed. Because of procedural defects appearing in the record, we hold this Court lacks jurisdiction to resolve the appeal on its merits. Accordingly, the appeal must be dismissed.

Petitioner's request for a declaratory ruling was couched in the form of a letter to the Commissioner who responded in kind. It is perhaps ironic that in his reply which, in toto, constituted his ruling, the Commissioner wrote (in part):

> It would have been more appropriate to have appealed the individual decision informally to the Chief, Engineering Services, or *formally* to the Water Resources Board as provided in Sections 2-02D and E of the Environmental Protection Rules.

(Emphasis added.)

The Commissioner was correct. His fault lay in failing to follow his own advice; he should have denied petitioner's request. The statement, quoted above from his purported declaratory ruling, was not only correct; it is the basis of our jurisdictional conclusions in this case.

As long ago as 1974, Justice Larrow, writing for the full Court, stated that the purpose of declaratory rulings authorized by § 808 was to test " 'the *applicability* [to a given set of circumstances or facts] of any statutory provision or of any rule or order of an agency.' " *In re State Aid Highway No. 1, Peru, Vermont*, 133 Vt. 4, 7, 328 A.2d 667, 669 (1974) (quoting 3 V.S.A. § 808). Justice Larrow noted further that the "validity of [an agency order] was not an appropriate subject for an agency declaratory ruling." *Id.*; see also *In re Orzel*, 145 Vt. 355, 360, 491 A.2d 1013, 1016 (1985) (purpose of a declaratory ruling is to determine the applicability of a statutory provision, rule or order, not to issue guidelines). Analogizing rulings by state agencies under § 808 to declaratory judgments by the courts, the 1974 opinion holds further that it is the purpose of such rulings to declare the rights of the parties in the first instance, *not* whether rights already acted upon at the agency level have ben properly determined. *State Aid Highway No. 1*, 133 Vt. at 8, 328 A.2d at 669 (quoting *Clark* v. *Memolo*, 174 F.2d 978, 981 (D.C. Cir. 1949)). In short, the Court was saying that declaratory rulings are not appellate in nature, and cannot be resorted to as a substitute for, or in lieu of, proper appellate remedies.

*State Aid Highway No. 1* is still good law, and we hold it controls the result in this case. The jurisdictional defect first attached when petitioner sought to bypass proper appeals procedures by seeking a § 808 ruling. That defect hung over the cause

like a cloud from that point on. The Commissioner had no jurisdiction to issue the ruling he did. *State Aid Highway No. 1*, 133 Vt. at 8, 328 A.2d at 669. The same problem follows the case into this Court; we have no jurisdiction to resolve this appeal on the merits of a ruling the Commissioner had no power to make. See 3 V.S.A. § 815(a).

■ Finally, we are precluded from reviewing the merits of the conditions imposed by the regional office on petitioner's condominium project on a slightly different, but nevertheless parallel, point of law: when an administrative remedy is established by statute or regulation, relief must not only be sought in accordance therewith, but must first be exhausted before recourse to the courts is available. *Smith* v. *Highway Board*, 117 Vt. 343, 349-50, 91 A.2d 805, 809 (1952); 3 V.S.A. § 815(a); see also *Choquette* v. *Perrault*, 144 Vt. 218, 224, 475 A.2d 1078, 1082 (1984).

This case stands as a clear example of a failure to satisfy the exhaustion-of-administrative-remedies' requirement. Petitioner not only failed to exhaust the proper remedies, but no attempt was made to invoke them at all.

*Appeal dismissed.*