VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    23-AP-189

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2023

Michael Bandler* v. Bank of New York       }       APPEALED FROM:
Mellon Trust                                         }
                                                     }       Superior Court, Windsor Unit, Civil Division
                                                     }       CASE NO. 22-CV-01710
                                                             Trial Judge: Samuel Hoar, Jr.

In the above-entitled cause, the Clerk will enter:

Plaintiff Michael Bandler appeals the dismissal of his declaratory judgment action against defendant Bank of New York Mellon Trust (BONY).[*]  We affirm.

In 2019, BONY filed an action against plaintiff's partner, Debra Tyler, to foreclose on a mortgage secured by property that she owned in Benson, Vermont.  Plaintiff sought to intervene in that action, asserting that he had purchased an interest in the property.  The trial court denied plaintiff's motion to intervene because he had not filed a recorded deed to prove his ownership.  Plaintiff and Tyler then moved for permission to take an interlocutory appeal, which this Court denied in February 2022 because the request was untimely.  See Bank of N.Y. Mellon Tr. v. Tyler, No. 22-AP-030 (Vt. Feb. 15, 2022) (unpub. mem.).

In May 2022, plaintiff filed this declaratory judgment action against BONY.  Plaintiff asserted in his complaint that he was a record owner of an interest in the Benson property.  He claimed that BONY's foreclosure action against Tyler was barred by the statute of limitations; Tyler was fraudulently induced to sign the mortgage agreement; BONY failed to give the required notices to Tyler before commencing the mortgage or assigning it; BONY improperly gave a reverse mortgage to Tyler; and plaintiff was denied due process because he was not allowed to intervene in the foreclosure action.  Plaintiff sought a declaration that the foreclosure action "may not conclude in [d]efendant's favor."

The court granted BONY's motion to dismiss plaintiff's complaint, concluding that plaintiff lacked standing to assert his claims regarding Tyler because he was not a party to the original loan transaction or the foreclosure action, and all his claims were effectively an

---

[*]  At oral argument, plaintiff orally moved to dismiss the appeal without prejudice because he had received word that BONY had sold its interest in the mortgage to another company.  Insofar as the alleged sale does not affect the merits of this appeal, the motion is denied.

impermissible collateral attack on the foreclosure action. It reasoned that plaintiff's proper avenue for relief was a direct appeal from the foreclosure action when that action concluded. This appeal followed.

On appeal, plaintiff argues that he has standing to bring his declaratory judgment claims regarding Tyler because his ownership interest in the Benson property will be injured if BONY is allowed to foreclose upon the property. However, each of plaintiff's first five claims assert defenses to the foreclosure action personal to Tyler, not to plaintiff. Regardless of whether plaintiff's after-acquired interest in the property was sufficient to make him an indispensable party to the foreclosure proceeding, it does not give him the right to separately assert claims that may arise from the contract between Tyler and BONY. "Like the federal courts, we generally do not allow third-party standing." Baird v. City of Burlington, 2016 VT 6, ¶ 15, 201 Vt. 112. Plaintiff is not a party to the mortgage between Tyler and BONY, nor does he claim to be a third-party beneficiary of that contract. Accordingly, he cannot challenge the validity of the contract in a declaratory judgment action. See Bischoff v. Bletz, 2008 VT 16, ¶ 16, 183 Vt. 235 (holding that purchasers of property had no standing to seek declaration against owner of deeded right of first refusal because they were strangers to contract between sellers of property and owner of right of first refusal). We therefore affirm the dismissal of plaintiff's claims concerning Tyler for lack of standing.

Plaintiff also contends that the trial court erred in characterizing his due-process claim as an impermissible collateral attack on the foreclosure proceeding, because there has not yet been a final judgment in that case. We conclude that the court properly exercised its discretion to dismiss plaintiff's claim on the ground that his proper avenue for seeking relief was in the foreclosure proceeding. "A declaratory judgment action is not necessarily barred by the existence of another remedy. However, where an alternate form of relief is available, the court, in the exercise of its discretion, may determine that the granting of declaratory relief is inappropriate." Levinsky v. State, 146 Vt. 316, 317 (1985). As plaintiff points out, the foreclosure proceeding is ongoing and has not yet resulted in a decision on the merits. The proper place to litigate the question of plaintiff's party status, and any cognizable foreclosure defenses, is in that case. If unsatisfied, plaintiff can appeal from that case. See In re D.A. Assocs., 150 Vt. 18, 19 (1988) (explaining that "declaratory rulings are not appellate in nature, and cannot be resorted to as a substitute for, or in lieu of, proper appellate remedies"). We therefore decline to disturb the decision below.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice