NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 55

No. 23-AP-389

| | |
|---|---|
| Ivo Skoric | Supreme Court |
| v. | On Appeal from<br>Employment Security Board |
| Department of Labor<br>(Marble Valley Regional Transit District) | |
| | May Term, 2024 |

Dustin Degree, Chair

Ivo Skoric, Pro Se, Rutland, Plaintiff-Appellant.

Robert L. Depper III and Jared Adler, Special Assistant Attorneys General, Montpelier, for Defendant-Appellee Department of Labor.

Harrison Stark and Lia Ernst, ACLU Foundation of Vermont, Montpelier, for Amici Curiae American Civil Liberties Union Foundation of Vermont, Disability Rights Vermont, and Vermonters for Criminal Justice Reform.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **WAPLES, J.** Petitioner Ivo Skoric challenges the Department of Labor's decision declining to provide him with a declaratory ruling as to whether off-duty, medical cannabis use constitutes "misconduct" such that a claimant is disqualified from receiving unemployment security benefits. Because the Department properly declined to issue a declaratory ruling, we affirm.

¶ 2. The following facts are undisputed. Petitioner worked part-time as a bus fueler and washer at Marble Valley Regional Transit (MVRT) for approximately four years. Petitioner

underwent a preemployment drug screen per Federal Transit Administration (FTA) regulations and successfully passed. At the outset of his employment, petitioner also signed an acknowledgement that he received and was familiar with MVRT's drug and alcohol policy, which provided notice of random drug testing and mandated termination of an employee for "a verified positive drug test result." Petitioner's role was a "safety sensitive" position and he was required to possess a Commercial Driver's License (CDL) and operate buses on occasion. Petitioner was issued a medical marijuana card based on a referral from his treating physician in early 2020. In December 2022, MVRT notified petitioner that he was required to participate in a random drug test. The results indicated that petitioner tested positive for marijuana. MVRT terminated petitioner on January 9, 2023, for violating U.S. Department of Transportation and FTA regulations.

¶ 3. Petitioner subsequently applied for unemployment benefits on January 11, 2023, which a claims adjudicator reviewed and denied on March 17, 2023. The denial letter informed petitioner that his claim for unemployment benefits was denied because his discharge was premised on misconduct. Petitioner appealed that determination to an administrative law judge (ALJ). Following a hearing on April 20, 2023, the ALJ left the record open for the parties to submit additional evidence until a later date. MVRT submitted additional documents including the drug-test results, the workplace drug policy, and communications between MVRT and petitioner following the drug test. Petitioner, through counsel, also submitted a rebuttal challenging admission of the additional documents. On May 2, 2023, after consideration of the additional submissions, the ALJ issued an order affirming the claims adjudicator's determination that petitioner was discharged for cause but reduced the benefit disqualification period to a statutory minimum of six weeks in recognition of petitioner's use of cannabis for medical purposes.

¶ 4.    Petitioner then filed a document with the Employment Security Board on May 24, 2023, registering his disagreement with portions of the ALJ decision.  In the document, petitioner stated that he was "prepared to waive [his] right to appeal under ESB Rule 15 and in lieu of that appeal[,] petition the [Board] for a declaratory ruling and amendment of rules under Rule 1."  He sought a declaratory ruling "on the applicability of the misconduct disqualification provision in 21 V.S.A. § 1344(a)(I)(A) to the off-duty use of medical cannabis."  The Board construed this filing as a notice of appeal pursuant to Board Rule 15, and scheduled a hearing for July 25, 2023, before the Board.  See Employment Security Board Rules, Rule 14(A), Code of Vt. Rules 24 005 001 [hereinafter ESB Rules], https://labor.vermont.gov/sites/labor/files/doc_library/Employment SecurityBoardRules_Amended_Effective10.01.19.pdf [https://perma.cc/CC37-FLQK].  At the hearing, petitioner waived his right to oral argument, instead providing a written statement noting "this is not per se an appeal under ESB Rule 15, but a petition to the [Board] for a declaratory ruling and amendment of rules under Rule 1."

¶ 5.    The Board issued an order affirming the ALJ's decision to deny benefits on September 11, 2023.  It first addressed petitioner's argument that the ALJ erred by allowing additional evidence to be submitted by MVRT after the hearing.  The Board determined that the decision was consistent with its own rules that allow the ALJ to "take such additional evidence as is deemed necessary, provided that where additional evidence is so taken, the parties shall be given an opportunity of examining, cross-examining, and refuting such evidence."  See ESB Rule 14(I)(4).  Because petitioner was provided with an opportunity to respond to MVRT, and in fact did so respond, the Board determined that consideration of the submitted evidence was not in error. Considering the merits, the Board determined that petitioner had engaged in misconduct because he was aware of MVRT's drug policy and still consciously violated it, regardless of his motivation for doing so.  The Board reasoned that because FTA regulations may endanger MVRT's federal funding if it fails to maintain a drug-free workplace, petitioner necessarily exhibited a "substantial

3

disregard of the employer's interest," satisfying the definition of misconduct. Petitioner filed a motion to reconsider pursuant to ESB Rule 15, arguing that the Board failed to consider his prior filing as a petition for a declaratory ruling. In an October 18 order, the Board denied petitioner's motion to reconsider, determining that petitioner had failed to show any basis for reconsideration such as plain error, fraud, or newly discovered evidence. It opined that ESB Rule 1(A)(1) allows the Board to consider requests for a declaratory ruling and respond within a reasonable time but does not require the Board to respond to a petition raising the same issues as a live benefit appeal. Thus, it found no error in its decision affirming the ALJ and declined to reopen the appeal.

¶ 6. After receiving the Board's order, petitioner contacted the Board via email to register his disappointment that it again did not issue a decision on his petition for a declaratory ruling. In an October 27, 2023 order, the Board declined to issue a declaratory ruling, noting that to do so would have no bearing on petitioner's appeal because his violation of written workplace policy stood as an independent source of disqualifying misconduct. The Board noted that it had already addressed the issue presented by petitioner in petitioner's appeal. Petitioner also requested that the Board amend ESB Rule 29, regarding a claimant with disabilities, to provide that disabled individuals terminated for the use of legally sanctioned medication to treat their disability are not considered discharged for misconduct. The Board declined to initiate rulemaking, citing an active study pursuant to legislative action, which directed the Department to study the impacts of expanded unemployment eligibility for urgent, compelling, or necessitous reasons. See 2023, No. 76, § 44 (requiring Commissioner of Labor to submit report regarding "the potential impact of extending eligibility for unemployment insurance benefits to individuals who separate from employment due to urgent, compelling, or necessitous circumstances"). The Board noted that rulemaking would be inappropriate before the completion of the study.

¶ 7. Petitioner filed a notice of appeal on November 20, 2023, purporting to appeal the October 18, 2023 decision of the Board declining to reconsider its previous ruling affirming the

4

denial of benefits because petitioner was terminated for misconduct. This Court dismissed petitioner's appeal as untimely because it was filed more than thirty days after the October 18 order. See V.R.A.P. 4(a)(1) (providing that notice of appeal must be filed within thirty days of final judgment). Petitioner filed a motion to reconsider with this Court, noting that "the definitive Employment Security Board decision for which [he] seek[s] appellate review issued on October 27, 2023." Based on his assertion that he was appealing the Board's October 27 decision declining to issue a declaratory ruling, this Court reinstated petitioner's appeal. When questioned regarding the order on appeal at oral argument, petitioner confirmed that he sought to appeal the October 27 order declining to issue a declaratory judgment.

¶ 8. For the sake of clarity, we first address the timeliness of petitioner's appeal. A timely appeal is a jurisdictional requirement, without which this Court is powerless to consider a case. Allen v. Vt. Emp. Sec. Bd., 133 Vt. 166, 168, 333 A.2d 122, 124 (1975). ESB Rule 19 mandates that any final decision of the Board include a notice of appeal rights which "shall state clearly the place and manner for filing an appeal . . . and the period within which the appeal may be taken." The notice provided to petitioner here with the Board's October 18 order notes that appeals taken to the Vermont Supreme Court must be "in accordance with Vermont Rules of Appellate Procedure 3 and 4." It further provides that the "notice of appeal must be RECEIVED by the clerk of the Employment Security Board within 30 days of the date of entry of the board's decision" and that "[a] notice of appeal postmarked, but not received within 30 days, may be considered untimely." It is undisputed that petitioner's notice of appeal was received by the clerk of the Employment Security Board on November 20, 2023, thirty-three days after the issuance of the Board's October 18 reconsideration decision, and seventy days after the September 11 order on the merits. Thus, we are without jurisdiction to consider whether the Board's decision regarding petitioner's benefits eligibility was in error.

5

¶ 9.     Therefore, we turn to petitioner's appeal of the Board's decision declining to issue a declaratory ruling. The Vermont Administrative Procedures Act (APA) was intended to standardize agency procedures for a variety of administrative proceedings including rulemaking, contested cases, and the issuance of declaratory rulings. See 3 V.S.A. §§ 800-849. The APA empowers agencies to issue declaratory rulings, stating that "[e]ach agency shall provide for the filing and prompt disposition for declaratory rulings . . . and may so provide by procedure or rule." Id. § 808. The statute specifies that a ruling disposing of a petition has "the same status as agency decisions or orders in contested cases." Id. Further, the APA provides that any person "who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision to the Supreme Court," allowing for our review. Id. § 815(a).

¶ 10.     The ESB Rules allow "[a]ny interested person" to petition the Board for a declaratory ruling "as to the applicability of any provision of 21 V.S.A. Chapter 17 or any rule or order" of the Board. ESB Rule 1(A)(1). The rule requires that:

> [t]he petition must contain sufficient facts from which it can be determined that a real question exists concerning the applicability of any provision of said law or of any rule or order of the Vermont Employment Security Board to the petitioner and that a declaratory ruling by the Board would resolve the question. The Board shall consider the petition and within a reasonable time shall:
>
> (a) Issue a declaratory ruling;
> (b) Notify the petitioner that no declaratory ruling is to be issued; or
> (c) Set a reasonable time and place for hearing argument upon the matter and give reasonable notification to the petitioner, and any other person or persons named as a party to the proceedings, of the time and place for such hearing and of the issues involved.

Id.

¶ 11.     The facts here present the exact inverse of those at issue in In re D.A. Associates, where we dismissed that appeal after determining that a "jurisdictional defect . . . attached when

petitioner sought to bypass proper appeals procedures by seeking a § 808 ruling." 150 Vt. 18, 19, 547 A.2d 1325, 1326 (1988). There, the petitioners sought relief from certain conditions imposed by a certificate of compliance in constructing a condominium development by requesting a declaratory ruling from the Commissioner of the Department of Water Resources and Environmental Engineering. The Commissioner issued a ruling upholding the conditions, but noted that:

> [i]t would have been more appropriate to have appealed the individual decision informally to the Chief, Engineering Services, or formally to the Water Resources Board as provided in Section 2-02D and E of the Environmental Protection Rules.

Id. (emphasis in original). On appeal, this Court determined that the Commissioner "should have denied petitioner's request" because petitioner "not only failed to exhaust the proper remedies [in appealing the imposition of the conditions], but no attempt was made to invoke them at all." Id. at 19-20, 547 A.2d at 1326-27. Thus, we dismissed the appeal in holding that the Commissioner "had no jurisdiction to issue the ruling he did." Id. at 20, 547 A.2d at 1326.

¶ 12. Like the petitioners in D.A. Associates, petitioner here had an available remedy through a direct appeal to challenge the Board's decision disqualifying him for unemployment benefits due to misconduct. As we have previously held, "proceedings under various declaratory judgment statutes cannot be substituted for adequate and available remedies of review . . . of decisions by administrative tribunals." In re State Aid Highway No. 1, Peru, 133 Vt. 4, 8, 328 A.2d 667, 669 (1974). That is exactly what petitioner attempted to do here, in offering to "waive [his] right to appeal under ESB Rule 15" and proceed by "petition[ing] the ESB for a declaratory ruling." However, "[w]here the Legislature specifically mandates" it, as they have here, "exhaustion [of administrative remedies] is required" and cannot be waived. Stone v. Errecart, 165 Vt. 1, 4, 675 A.2d 1322, 1325 (1996); see 3 V.S.A. § 815(a) (allowing appeal where party has "exhausted all administrative remedies available within the agency"). In recognition of this, the

7

Board declined to issue the declaratory ruling requested by petitioner, noting that it had already addressed the issue in petitioner's benefits appeal.

¶ 13. "Analogizing rulings by state agencies under § 808 to declaratory judgments by the courts . . . [,] it is the purpose of such rulings to declare the rights of parties in the first instance, not whether rights already acted upon at the agency level have been properly determined." D.A. Assocs., 150 Vt. at 19, 547 A.2d at 1326 (emphasis in original). Had the Board granted the declaratory ruling requested by petitioner, said ruling would have suffered from the same jurisdictional flaw as those at issue in D.A. Associates and State Aid Highway No. 1. See State Aid Highway No. 1, 133 Vt. at 9, 328 A.2d at 670 ("The Environmental Board lacked jurisdiction to reverse an unappealed from ruling of the District Commission by resort to a declaratory ruling."); D.A. Assocs., 150 Vt. at 20, 547 A.2d at 1326 ("The same problem follows the case into this Court; we have no jurisdiction to resolve this appeal on the merits of a ruling the Commissioner had no power to make.").

¶ 14. The Board properly declined petitioner's continued requests for a declaratory ruling on the same issue as petitioner's benefits claim. Petitioner had an available remedy for review of the Board's order on the merits of his claim. A motion for declaratory judgment cannot be used as a substitute for a timely appeal. Therefore, we affirm the Board's order declining to issue a declaratory ruling.

Affirmed.

FOR THE COURT:

_____

Associate Justice

8