VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00107



| | |
|---|---|
| 1330 Jericho Road ZA Permit Decision | DECISION ON MOTIONS |

In this appeal, Chelsye and Trevor Brooks (the Brooks) appeal a decision of the Town of Richmond (Town) Development Review Board (DRB) denying their appeal of Zoning Permit 2024-64 issued by the Town Zoning Administrator to Jay McCormack (Applicant) for the construction of a single-family home at property located at 1330 Jericho Road, Richmond, Vermont (the Property). Presently before the Court are multiple motions. First, the Brooks move for declaratory relief, which Applicant opposes. Second, Applicant moves to stay this matter while Applicant seeks additional approvals from the Town related to the Property or, in the alternative, remand this matter to the DRB for coordination of the applications. The Brooks oppose the motion. Third, the Brooks move to compel Applicant to respond to discovery. Applicant opposes the motion. Finally, the Brooks move to extend deadlines in the current scheduling order.[1]

## I. Motion for Declaratory Relief

The Brooks move for declaratory relief pursuant to V.R.C.P. 57 and 12 V.S.A. §§ 4711—4725. In their motion, they request a declaratory judgment from this Court that any future development or permits for the Property must comply with this Court's ultimate decision in this case, that we retain jurisdiction over this case and any other related permits, and that no development of the Property may proceed without complying with this Court's final decision in this case. Applicant opposes the motion on the grounds that the motion does not request relief appropriate for declaratory judgment.

V.R.C.P. 57 and 12 V.S.A. §§ 4711—4725 do not recognize an independent "motion for declaratory judgment" to be filed in an existing non-declaratory judgment action and, ordinarily, a declaratory judgment action is brought as an independent action or as a counterclaim or cross claim.

---

[1] Because of the Court's decision on Applicant's motion to stay, the Court is issuing this decision prior to Applicant filing his response to this motion.

See Price v. Leland, 149 Vt. 518, 519 (1988) (citations omitted).  While there are opportunities for the parties to stipulate to "characteristics of a declaratory judgment action" upon stipulation, Kelly v. Rhodes, 136 Vt. 534, 536 (1978), no such stipulation has occurred.  Thus, the motion must be **DENIED** as improper.

In denying the motion, the Court notes that the relief requested, even if properly filed, is likely not appropriate for declaratory judgment.  Declaratory judgment is "available only when a party is suffering from the threat of actual injury to a protected legal interest."  Doria v. Univ. of Vt., 156 Vt. 114, 117 (1991). While a party seeking declaratory judgment need not wait for the threatened injury to begin to see relief, Doe v. Dep't for Child. & Fams., 2020 VT 79, ¶ 12, 213 Vt. 151 (citation omitted), the Court "must look at the litigation situation as a whole in determining whether it is appropriate to entertain the request for such relief."  Burlington Sch. Dist. v. Provost, 2019 VT 87, ¶ 15, 211 Vt. 277 (quotation omitted).  Functionally, the motion requests a restatement of law which may be relevant to future permits or permit applications for various types of development at the Property.  Looking at the whole of the situation before the Court, which concerns municipal zoning permits, the requested relief is inappropriate because, should future permits be issued, such permits may be appealed when appropriate and enforcement is also available.[2]

For these reasons, the Brooks' motion for declaratory judgment is **DENIED**.

II.      **Motion to Stay or Remand**

While Applicant's motion is titled one for stay, it is functionally a motion to continue.  See In re Woodstock Community Trust & Housing Vt. PRD, 2012 VT 87, ¶ 36, 192 Vt. 474 (citations omitted). This Court has discretion when ruling upon such a motion.  Id. (citations omitted).

Here, Applicant asserts that a stay is warranted to allow him to pursue additional permits from the Town to create a new lot at the Property and potentially for approval to construct new dwellings on the Property.  He also seeks approval to change the type of dwelling of the building that's the subject of the pending appeal from a single-family home to an accessory dwelling unit.  He states that the review should take approximately 8 weeks and any decision on the application would be subject to an appeal.  Applicant acknowledges that the issues in both matters may not be identical, given the fact that they encompass the same property and concern the same building at issue in this appeal. Additionally, Applicant, as the party seeking permit review make determinations on how best to usher

---

[2] The Court notes that the existence of another remedy does not necessarily bar a declaratory judgment action but, when such relief is available, the Court has discretion to determine that granting declaratory relief is inappropriate. See Levinsky v. State, 146 Vt. 316, 317 (1985) (citing In re State Aid Highway No. 1, Peru, Vt., 133 Vt. 4, 8 (1974).

his project(s) through the permit review process, within reason. This is a reasonable time given the status of this case, in which no trial is scheduled and discovery has not been completed.

The Brooks make multiple arguments against the stay.[3] While the Court would not typically address each argument, given the Brooks' self-represented status, the Court believes it prudent to address the main arguments. First, the Brooks argue that Applicant has not yet submitted the application with the Town for additional permitting for the Property.[4] Applicant has represented that such an application is forthcoming pending a final subdivision plat and set forth a time in which he believes review is likely. This is sufficient given the circumstances before the Court.

Second, the Brooks argue that this approach constitutes impermissible piecemeal development. This is not the case. The stay is meant to hold the current matter in abeyance while additional relevant permitting is pursued so that, should appeals be taken to this Court, the Court may address all issues, both in this docket and any future docket, at the same time. In such a process the Court can consider the entirety of the development under the relevant regulations such that the development is not piecemeal and judicial efficiency is upheld. The issuance of a stay in this case does not impact the Brooks' ability to litigate this appeal within the scope of their Statement of Questions, as amended and within the limitations of this Court's prior Entry Order. See In re 1330 Jericho Rd. ZA Permit Decision, No. 24-ENV-00107 (Vt. Super. Ct. Envtl. Div. Mar. 6, 2025) (Walsh, J.).

Finally, the Brooks assert that this motion is a part of Applicant's alleged pattern of delay. They assert this pattern is shown by two potentially 2-day delays in service by Applicants. This is insufficient to show a pattern of delay or warrant exercising the Court's discretion to deny the pending motion.

For these reasons, the Court **GRANTS** the motion to stay subject to the provisions set forth below.

---

[3] The Brooks filed motions for leave to file supplemental replies with respect to this motion. The Court **GRANTS** such leave in this circumstance as the filings were short and the Court did review them. In so granting, the Court reminds the Brooks that, while they are self-represented, they are subject to the Vermont Rules of Civil Procedure. Repetitive and duplicative filings are generally disallowed and the Court requests that the Brooks limit their filings to those allowed under the Vermont Rules of Civil Procedure unless leave for supplemental filings is both warranted and sought..

[4] To the extent that Applicant argues that, between the time the motion was filed and present, Applicant has shifted from seeking sketch plan approval from the Town to some other administrative approval and that they would prefer Applicant to move through the sketch plan process, this is not grounds to deny the stay or infer some level of bad faith or delay. An applicant is allowed to determine how, within the bounds of relevant law and regulations, it would like to pursue permitting for its project.

3

### III.    Discovery Motions

Because the motion to stay is granted, the remaining discovery motions to compel and extend deadlines are **MOOT**.   In so concluding, however, the Court seeks to clarify the discovery rules. V.RC.P. 26(h) requires parties to confer before filing a motion to compel.  The purpose of this to allow for a "good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution" without Court interference.  V.R.C.P. 26(h).

The present motion states that a discovery deadline was missed and responses were sought via email.  Exhibits provided by Applicant show that this email was sent at 5:00 PM on a Saturday evening on May 24, 2025, requesting a response to the request by the following Wednesday.  Applicant Ex. 4 at 4.  Counsel for Applicant responded the following Tuesday stating that she was out of office that week but she would be able to confer with the Brooks on June 4, the following week.  Id. at 2—3. The Brooks did not respond to indicate whether this would be workable for them and instead filed the pending motion to compel on June 6.  On June 10, Applicant's counsel followed up on her un-responded to email to state that she received the pending motion and that she remained open to confer and requested that the Brooks provide times that worked for them within the same week or one following.  Id. at 1—2.  The following day the Brooks responded refusing counsel's request to confer. Id. at 1.

The Court does not believe that this amounts to a "good faith effort" to confer.  Applicant's counsel responded to the Brooks' request to confer on this issue within 2 business days of receiving it.  Given that she was out of office that week, she provided a time to confer with then the following week.  The Brooks never responded to this communication to state whether the offer was sufficient or not beyond the subsequently filed motion to compel.  Further attempts to confer on this issue were refused without any basis other than the fact that the requests remained outstanding.  Contrary to the Brooks' filings related to the motion to compel, they were under an obligation to meet these reasonable requests with at least some level of a response, particularly before filing the pending motion. While the motion is moot and the Court need not rule on it, the Court wishes to remind the parties that, while litigation may be unfamiliar and sometimes adversarial, efficient resolution of the dispute between the parties is sometimes best served by working together when possible to limit or reduce areas of dispute.  This is particularly true in the discovery process, where parties are directed to work through discovery disputes to avoid, in whole or in part, the need for judicial resolution of the dispute.

## Conclusion

For the foregoing reasons, the motion for declaratory judgment is **DENIED**. Applicant's motion to stay is **GRANTED**. The remaining motions before the Court, particularly the Brooks' motion to compel and motion to extend deadlines, are **MOOT**.

The Court will set this matter on inactive status. The Court directs Applicant to file, on or before **August 8, 2025**, a letter with the Court, served on all parties, providing an update as to the status of the additional permit process before the Town, including an estimate of when review before the Town may be completed. If warranted, the Court may set this matter for a status conference.

Electronically signed this 30th day of June 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division