## In re A. A. (Juvenile)

[349 A.2d 230]

No. 67-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed December 2, 1975

*Michael J. Sheehan,* Windsor County State's Attorney, and *William J. Donahue,* Windsor County Deputy State's Attorney, White River Junction, for the State.

*Niles, Johnson & Gibbs,* Woodstock, for the mother.

*Robert Edward West,* Defender General, Montpelier, and *Alan S. Rome,* Juvenile Defender, Middlebury, for the juvenile.

**Billings, J.** At issue in this appeal from the District Court of Vermont, Unit No. 6, Windsor Circuit, sitting as a juvenile court, is the propriety of a court-ordered transfer of residual parental rights to the State of Vermont as a result of a "review" proceeding which had been scheduled by a provision of the court's original disposition order six months previously. We conclude that the particular review procedure used below is not authorized by our juvenile statutes and, as a consequence, the transfer order must be reversed.

After appropriate proceedings commencing in April, 1974, under Title 33, ch. 12, A.A. was found to be a neglected child. A disposition hearing was held in June, and pursuant to a stipulation of the parties the custody and guardianship of the child were transferred to the Vermont Department of Social and Rehabilitation Services. Residual parental rights were not transferred at the June disposition hearing, as evidenced by the fact that the disposition option in the printed form was crossed out in the court's order. Under the "other disposition" option of the order form was typed, "This matter is scheduled for review on December 9, 1974, at 9:30 A.M." The scheduled review was held December 27, 1974, which resulted in the residual parental rights to A.A. being transferred to the State. The mother appeals.

The State points to 33 V.S.A. § 659(a) as authorization for the review procedure undertaken by the juvenile court below. In pertinent part, § 659(a) allows for amendment of a disposition order of a juvenile court at any time on the court's own motion "on the ground that changed circumstances so require in the best interests of the child." It is apparent that

the court, by its own motion, could have moved for modification of the June, 1974, disposition order relating to A.A. in December of that year, if it believed changed circumstances existed *in December* and that it would be in the child's best interest *at that time*. But what was actually done by the court was to condition its final disposition order in June with a review hearing ordered for December. Section 659(a) provides no authority for this measure. In fact, the law seeks instead, in the best interests of the child, to insure not only a speedy disposition of the proceedings, 33 V.S.A. § 654(b), but also a final disposition, subject only to specifically enumerated time limitations, 33 V.S.A. § 658, and modification procedures, 33 V.S.A. § 659(a), which were not followed here.

The public defender, who appeared for the juvenile and joined with the State in argument, suggests alternatively that support for the court's review scheduling in its disposition order can be found by reading the continuing jurisdiction statute, 33 V.S.A. § 634, with 33 V.S.A. § 655(e), which allows the juvenile court to continue the disposition hearing to compile essential disposition reports and information. Again, a look at the juvenile court's disposition order here shows a final disposition that transferred custody and guardianship of the child to the State, with the residual parental rights remaining with the mother. There was no indication that the order for review in six months was for the purpose of gathering disposition data during that time. Modification or review proceedings must be undertaken pursuant to § 659(a) and cannot be scheduled for some future date in the final disposition order under 33 V.S.A. § 656. Moreover, the notice and hearing provisions of § 659(b) are included in the modification statute to insure, among other reasons, that residual parental rights may not be taken from the parent without due deliberation and just reason, and always only when the best interests of the child so command.

Since the order of the review hearing of December 27, 1974, transferring the residual parental rights must be reversed, we do not comment on the substantive issue raised by the parties as to whether or not changed circumstances exist to justify the transfer. An evaluation of the use by the juvenile judge of excerpts from a child psychology treatise in the conclusions of

law that supported the transfer order would be similarly inappropriate at this time. But see *In re Petition of Certain Neglected Children,* Docket No. 157-75, filed this same term. *Reversed.*