726 A.2d 496 (1999)
In re T.L. and N.L.
No. 98-402.
Supreme Court of Vermont.
January 29, 1999.
*497 Present AMESTOY, C.J., and DOOLEY, MORSE and SKOGLUND, JJ., and ERNEST W. GIBSON, J., (Ret.) Specially Assigned.

ENTRY ORDER
Mother appeals from a disposition order transferring legal custody of mother's children to the Commissioner of the Department of Social and Rehabilitation Services (SRS). She argues that (1) the court had no authority to enter a provision for another disposition review to be done after three months, (2) the findings were not supported by the evidence, and (3) the findings are inadequate to support the conclusion. We vacate the order.
The case involves two children. T.L.'s father appeared in the proceedings, but N.L.'s father is unknown. Following a detention hearing in December 1997, the court ordered custody transferred to SRS. In March 1998, the parties stipulated to a finding of CHINS, and in July 1998, the court held a disposition hearing. The record indicates that at the time of the hearing, T.L. was in foster care, and N.L. was living with mother and her boyfriend, although the child had been in foster care for some time during the winter.
The court made minimal findings, and some of these findings are clearly erroneous. The following findings were supported by the evidence. T.L.'s father was not capable of caring for T.L. at the time of the hearing because he did not have a place to live; he was residing with his parents but wanted to get an apartment so T.L. could eventually live with him. Mother has lived with her boyfriend for several years; he has physically and mentally abused the children by using excessive means to discipline them. Although the boyfriend left mother's home briefly, he returned, and the children's behavior deteriorated in consequence. The boyfriend has refused to submit to drug screening. The court found that it was necessary to continue custody with SRS in order to monitor mother's home to prevent abuse of N.L. and to help mother improve N.L.'s behavior and mental health. Further, the court found that T.L. cannot live with mother, that T.L. was getting along with his father, and that he wanted to live with father. The court concluded that a three-month review was warranted in this case. Mother appeals.
Mother first argues that the court had no authority to order review of the disposition in three months because the statute provides for review only at specifically enumerated times or upon motion on the ground of changed circumstances. See 33 V.S.A. §§ 5531, 5532. We agree that the three-month-review provision is contrary to the statute. See In re A.A., 134 Vt. 41, 43, 349 A.2d 230, 232 (1975) (juvenile statute does not give court authority to enter disposition order with provision for review in six months; statute provides procedures for review, which court cannot alter). We need not strike the three-month-review provision because we vacate the entire decision on other grounds.[*]
Next, mother argues that several of the findings were unsupported by any evidence. "We will uphold factual findings if supported by credible evidence, and the court's conclusions will stand if the factual findings support them." In re B.M., 165 Vt. 194, 201, 679 A.2d 891, 896 (1996). Specifically, mother contests finding #7, which states:
The mother and her boyfriend physically attacked [T.L.'s] father in the presence of the children. The attack was angry and unprovoked. The children were greatly upset when it occurred in their presence.
Upon review of the transcript, we find no support for the finding, except for the statement that mother and her boyfriend attacked T.L.'s father. There was no evidence to indicate that the children were present.
Next, mother maintains that finding #8 is unsupported. Finding #8 states:

*498 Mother has discussed the fact that T.L.'s father is not [N.L.'s] father in front of [N.L.] in spite of the fact that [N.L.] believed him to be his father.
We agree that the finding is not supported by the evidence.
Finally, mother contests finding #9, which states:
[T.L.] and his father are now getting along well. [T.L.] is doing better out of his mother's home. His school performance is improving. His outbursts are less frequent.
Similarly, this finding is unsupported, except for the statement that T.L. and his father are now getting along well, which could be inferred from their mutual desire to have T.L. live with his father.
In addition to these three erroneous findings, the remaining findings focus on mother's past rather than her present ability to parent. In particular, the finding that mother has a long record of criminal offenses is of little or no probative value because there was no evidence of any convictions since 1987, and the children were born in 1988 and 1990. On the other hand, the convictions of T.L.'s father during the 1990s are highly probative, but the court made no findings concerning his criminal record, which included a conviction for violation of an abuse prevention order involving another woman as late as 1996. Similarly, the court failed to make findings on mother's completion of numerous programs recommended by SRS to improve her parenting, while it applauded father for taking T.L. to a single dentist appointment. Finally, the court found that mother had abused alcohol and drugs, although there was no evidence of any alcohol or drug abuse during the past six years. In sum, we agree with mother that the decision unfairly characterizes her based on her distant past, rather than fairly considering her current circumstances.
"Even if one or more findings is erroneous, this does not necessarily mean we will reverse the court's determination." In re B.M., 165 Vt. at 205, 679 A.2d at 898. Rather, the issue is whether the findings that are supported by evidence are sufficient to support the court's decision. See id. We must affirm if the remaining findings, supported by the record, are sufficient to sustain the decision. See id. To order a child removed from the parents' home, the court must find that the parents are unfit, that they cannot provide an appropriate home, and that separation is in the child's best interest. See E.J.R. v. Young, 162 Vt. 219, 225, 646 A.2d 1284, 1288 (1994).
The critical findings were not made here. The court never found either parent unfit. Although T.L.'s father was unable to provide a home for T.L., mother was providing a home for N.L., albeit with SRS supervision. Further, no findings were made concerning the best interests of the children. Because the court failed to make the required findings, we cannot uphold a transfer of custody.
The disposition order is vacated, and the cause is remanded.
NOTES
[*] SRS filed a letter indicating that it joins father's brief, claiming that the issue of the three-month-review provision is probably moot, and including allegations concerning trial court proceedings subsequent to the appeal. Mother responded by a motion to strike the matters in the letter that are not part of the record, and denying that the issue is moot. In view of our holding, mother's motion to strike the matters not of record is moot.