### Town of Cavendish v. Vermont Public Power Supply Authority

[446 A.2d 792]

No. 132-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 6, 1982

146

*Paul, Frank & Collins, Inc.*, Burlington, and *Sarah E. Vail*, Chester, for Plaintiff.

*Paterson, Walke & Pratt, P.C.*, Montpelier, for Defendant.

**Hill, J.** The Town of Cavendish appeals from an order of the Public Service Board dismissing its petition for declaratory relief against the defendant-appellee Vermont Public Power Supply Authority. We affirm.

On October 23, 1980, the Town filed a petition with the Board seeking a declaratory ruling concerning three actions of the defendant Authority. First, the Town challenged a $6,000,000 loan obtained by the Authority as improper under 30 V.S.A. § 108(a). Second, the petition attacked the validity of a contract signed by the Authority, which provided for the purchase of forty per cent ownership in the proposed Black River Hydro Electric Project. Third, the Town alleged that the Authority violated its enabling legislation in granting member status to the Town of Springfield. The petition requested a temporary restraining order, and a declaration that each of the challenged actions was invalid.

On February 18, 1981, the Public Service Board denied the petition for injunctive and declaratory relief. The Board held that the Town's petition did not raise an actual controversy between the plaintiff and the Authority. The Board also denied declaratory relief on discretionary grounds. It held that the Town had other forums to pursue its grievances. Furthermore, any decision on the Black River project would not redress the Town's claims, as the project could be built by other parties despite the declaratory relief.

The issues have narrowed on appeal. First, the appellant does not challenge the denial of a temporary restraining order. Second, this Court's decision in *In re Vermont Public Power Supply Authority*, 140 Vt. 424, 440 A.2d 140 (1981), has mooted the appellant's claims in reference to the $6,000,000 loan. In that case, we held that the Town of Cavendish could intervene as a matter of right in separate proceed-

ings to determine the validity of the loan. See *id.* at 428, 440 A.2d at 140. The once live controversy has dissipated. Therefore, we decline to adjudicate this portion of the Town's appeal on the ground of mootness. *In re J. S.,* 139 Vt. 6, 14, 420 A.2d 870, 874 (1980) ; *Mangan's Admx.* v. *Smith,* 116 Vt. 401, 403, 78 A.2d 12, 13 (1951) ; see Vt. Const. ch. II, § 30 ("The Supreme Court shall exercise appellate jurisdiction in all cases ....").

The remaining issues in the case concern the Town's attack on the Black River Hydro Project and the membership of Springfield in the Authority. On these matters, we conclude that the Board correctly dismissed the Town's petition, because, as a matter of law, the petition failed to allege injury sufficient to confer standing on the Town. Therefore, we do not address the alternative grounds for dismissal relied upon by the Board.

 The Public Service Board has the authority to issue declaratory rulings by virtue of 3 V.S.A. § 808. The authority under this section is, however, circumscribed. Declaratory judgments under this section may not test the validity of administrative or statutory provisions. Rather, the Board is restricted to deciding the applicability of such authorities to a particular set of facts. *In re State Aid Highway No. 1, Peru, Vermont,* 133 Vt. 4, 7, 328 A.2d 667, 669 (1974). Furthermore, administrative declaratory judgments are "essentially similar procedures [as] declaratory judgments" in courts. *Id.* at 8, 328 A.2d at 669. Thus, general restrictions on the power to issue declaratory relief govern the disposition of petitions under 3 V.S.A. § 808.

 Every petition for declaratory relief must satisfy an initial burden: there must be an actual controversy between the parties to confer jurisdiction. See *Beecham* v. *Leahy,* 130 Vt. 164, 167, 287 A.2d 836, 838 (1972); *Gifford Memorial Hospital* v. *Town of Randolph,* 119 Vt. 66, 70–71, 118 A.2d 480, 483 (1955). The "actual controversy" requirement is jurisdictional, and may not be waived by either the parties or the tribunal. The availability of declaratory relief turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest, or is merely speculating about the impact of some generalized grievance. On the face

of the complaint, the plaintiff must allege at least the threat of an "injury in fact" to some protected interest in order to establish his or her standing. See *Robtoy* v. *City of St. Albans*, 132 Vt. 503, 505–06, 321 A.2d 45, 47 (1974).

In this case, the plaintiffs complaint fails to allege any such injury stemming from the Black River Project or Springfield's membership in the Authority. The Town's nineteen paragraph complaint ascribes potential injury to the disbursement of the loan proceeds. It does not, however, present any allegation of injury independently traceable to either the Hydro Project or Springfield's membership in the authority. Even assuming that these two transactions were illegal as alleged, illegality alone is insufficient to confer standing in a declaratory judgment action. As Justice Stewart wrote: "the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Sierra Club* v. *Morton*, 405 U.S. 727, 734–35 (1972).

As a matter of law, therefore, the Town has failed to establish standing to challenge the Hydro Project or Springfield's membership in the Authority. We therefore affirm the dismissal of the petition for lack of standing.

*Affirmed.*