# In re Investigation Into General Order 45 Notice Filed by Central Vermont Public Service Corporation Re: Proposed Power Purchase Agreement with Vicon Recovery Systems, Inc. for Output from a Resource Recovery Electric Generating Facility to be Located in Rutland, Vermont

[542 A.2d 288]

No. 88-008

Present: Allen, C.J., Peck and Mahady, JJ., and Barney, C.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed January 29, 1988

*Alan B. George* and *Timothy Martin* of *Carroll, George & Pratt*, Rutland, for Appellant Vicon.

*Miller, Eggleston & Rosenberg, Ltd.*, Burlington, for Appellant Rutland County Solid Waste District.

*Morris L. Silver* and *Donald L. Rushford*, Rutland, for Appellee CVPS.

*Thomas J. Kennedy*, St. Albans, for Appellee VPIRG.

*David Dickinson*, pro se, Center Rutland, Appellee.

*David J. Mullett*, Special Counsel, Montpelier, for Department of Public Service.

**Mahady, J.** Appellant, Vicon Recovery Systems, Inc. (Vicon), filed a motion under V.R.A.P. 2 for suspension of the appellate rules seeking an expedited adjudication. This motion was filed with Vicon's notice of appeal on January 8, 1988. The schedule proposed by Vicon in its motion contemplated that a decision would be issued by this Court on the merits of the case on January 28, 1988.

Vicon asserted compelling financial reasons for such an expedited adjudication. It thereby alleged sufficient hardship for us to order an expedited hearing on Vicon's motion. At oral argument on the motion, the Rutland County Solid Waste District (District) also asserted similar compelling financial reasons for expedited adjudication.

Based upon these assertions, we ordered appellees to file their briefs on or before January 22, 1988. Although such a time frame hardly provides for adequate briefing, appellees have complied to the best of their abilities.

At oral argument it was represented that a single issue was presented. That issue was whether the Public Utility Regulatory Policies Act of 1978 (PURPA), 16 U.S.C. 824a-3 et seq., effectively preempted the authority of the Public Service Board (Board) with regard to the Purchase Power Agreement (PPA) entered into by Vicon and Central Vermont Public Service Corporation (CVPSC) on December 20, 1984 (or, as amended by stipulation on October 28, 1987).

Given the compelling financial reasons asserted by Vicon and the District, contemplating a single-issue case, we have attempted to comply with Vicon's request for an expedited adjudication.

Upon examining the briefs submitted by the parties, however, it is clear that important multiple issues are presented. These include at least the following:

1) Is the PPA a presently enforceable agreement, or does it contain an as-yet unsatisfied condition precedent?
2) Does the Board have jurisdiction to approve or disapprove the PPA under the Board's General Order 45?
3) If so, is there statutory authority for General Order 45 itself in Title 30, V.S.A.? And,
4) Is PURPA preemptive?

These issues are all complex on their face. They are further complicated by the unique manner in which Vermont has sought

through the Board's Rule 4.100 to implement the directives of PURPA, § 210(f)(1). No controlling precedent on the federal issues has been provided by the United States Supreme Court. The challenge to the validity of General Order 45, an important regulatory tool of the Board, is a matter of first impression.

These issues are all of substance, and our determination with regard to them can be expected to have profound and lasting implications for the people of this state. A court which is final must be a court which is careful.

To be candid, it may be possible for a single justice of this Court to write a credible opinion within the requested deadline. However, an opinion of this Court is precisely that—an opinion of the Court. In some instances, it is of course appropriate under the statutes and the rules for a single justice of this Court to rule upon a motion. Otherwise, we eschew the practice of "single justice" decisions. The decisions of this Court represent the collegial opinion of all of the justices who join in the majority. Under the circumstances presented by Vicon's motion, it is simply not possible for all members of this Court to provide the thoughtful and scholarly input which these complex and important issues deserve.

The above is not to be considered as any kind of an apologia. We have made an honest effort to accommodate the parties. The Board also extended itself in a like manner during the proceedings below.

We share the frustration of the Board when it appropriately noted the following in its order denying Vicon's motion to reconsider:

> [We are] fully cognizant of the implications of our order, not only for VIDA financing, but also for equity participation in the Vicon project and for the fees that the project must charge for waste disposal. These matters . . . were of significant importance to convene an expeditious hearing . . ., even though doing so gave adverse parties little time to prepare . . . .

The Board noted Vicon's assertion that the Board's order came at "the eleventh hour" but observed "that fact is wholly the responsibility of Vicon, the Solid Waste District, CVPSC, and the Department of Public Service."

Indeed, the PPA at issue was executed in December of 1984. A General Order 45 proceeding was instituted (PSB Docket No. 4987). That proceeding was terminated at the request of Vicon and the District. In Vicon's 30 V.S.A. § 248 proceeding (PSB Docket No. 4813), the Board denied a motion which sought its approval of the PPA on July 31, 1985. No appeal was taken from that decision to this Court. At no time did any party petition the Board for a declaratory judgment as is allowed under 3 V.S.A. § 808. See *Town of Cavendish* v. *Vermont Public Power Supply Authority*, 141 Vt. 144, 147, 446 A.2d 792, 794 (1982); see also 30 V.S.A. § 9 ("The board shall have the powers of a court of record . . . .").

In short, the issues now presented could well have been presented long ago in an orderly fashion. They were not. The consequences of that fact must lie with those who failed to do so.

On the other hand, our decision in this case, which will affect the future course of the law in Vermont for years to come, must be considered, deliberate and collegial. It will be.

*The motion for expedited adjudication is denied. Staff Counsel of this Court shall conference this matter with all parties and shall provide this Court on or before March 1, 1988, its recommendations for the scheduling of further briefing, if any, and oral argument.*