## BARNET HYDRO COMPANY, et al. v. PUBLIC SERVICE BOARD

[807 A.2d 347]

No. 01-083

April 22, 2002. Plaintiffs, small power producers, appeal from the Washington Superior Court's dismissal of their declaratory judgment action, which seeks to prohibit the Public Service Board (PSB) from taking any action against small power producers in connection with PSB Rule 4.104(G). On appeal, plaintiffs claim that the superior court's refusal to exercise jurisdiction is error because the court, and not the PSB, has exclusive jurisdiction to determine the validity of administrative rules. We affirm.

Small power producers own hydroelectric and biomass electric generation facilities in Vermont. The producers sell,

in aggregate, the electricity they produce to Vermont retail electric utilities by means of a single central purchasing agent, who acts as an intermediary between the small power producers and the retail electric utilities. This scheme was created pursuant to 30 V.S.A. § 209(a)(8) and PSB Rule 4.100, 8 Code of Vermont Rules 30 000 015-1 through 24, which implement the Public Utility Regulatory Policies Act of 1978 (PURPA), 16 U.S.C. § 824a-3. See generally *In re Vermont Power Exchange*, 159 Vt. 168, 171-73, 617 A.2d 418, 419-20 (1992). Under Rule 4.100, each of the small power producers has a contract with the purchasing agent which requires each retail utility to purchase a portion of the small power producers' electricity based on each utility's share of kilowatt-hour sales in the previous year.

Until 1985, no authority existed to change the terms of the contract between the small power producers and the purchasing agent. In 1985, however, the purchasing scheme was altered when the PSB adopted Rule 4.104(G),* 8 Code of Vermont Rules 30 000 015-16 through 17. This new rule authorized the PSB to alter the power contracts for good cause so long as any change would not materially affect the substantial rights or obligations of either the small power producers, the retail utilities, or the rate paying public. *Id.* In 1989, the PSB adopted additional amendments to Rule 4.104(G). As it reads following those amendments, the PSB can alter the duration or terms and conditions of the contracts "for good cause," but unless the contracts allow a particular alteration, it cannot be im-

posed over the objection of a utility or a producer "if it would materially affect the substantial rights or obligations of either the utility or of the rate paying public." The rule no longer requires consideration of the rights or obligations of the small power producers. The parties disagree whether this amendment to Rule 4.104(G) was adopted properly — that is, in compliance with the rulemaking procedures imposed by the Vermont Administrative Procedure Act (APA), 3 V.S.A. §§ 801-849.

In August 1999 the retail electric utilities filed a petition with the PSB seeking to alter, modify, and construe certain power sales contracts between small power producers and the state's purchasing agent. The retail utilities requested relief under both Rule 4.104(G) and under the terms of the contracts themselves. A month later, the PSB opened an investigation into the merits of the utilities' claims, opening a docket for that purpose.

Thereafter, the small power producers brought an action against the PSB in Washington Superior Court, seeking a declaratory judgment that Rule 4.104(G) is invalid, either because of a scrivener's error or because the rule was not promulgated in accordance with the procedures required under the APA. The retail electric utilities then intervened in the superior court action. In August 2000, the small power producers filed a motion for an injunction to prohibit the PSB from conducting any further investigation pending resolution of the declaratory judgment action in the superior court. The superior court declined to enjoin the PSB, concluding essentially that the small power producers were forum shopping and that the issue of the validity of Rule 4.104(G) could be fairly adjudicated before the PSB, which first asserted jurisdiction over the controversy. The court later entered a final judgment against plaintiffs, thus enabling the small power producers to file this appeal.

---

* This opinion designates the rule in question as Rule 4.104(G). It appears in Weil Publishing's Code of Vermont Rules as Rule 4.104(F) only because it is preceded by two consecutive rules mistakenly designated 4.104(E).

On appeal, the small power producers contend that the court erred in dismissing the action and deferring to the PSB because the Washington Superior Court has exclusive jurisdiction under 3 V.S.A. § 807, a section of the APA, to determine the validity of administrative rules. Section 807 provides, in relevant part:

> The validity or applicability of a rule may be determined in an action for declaratory judgment in the Washington superior court. . . . A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

3 V.S.A. § 807. Also relevant is § 808 which provides, in relevant part:

> Each agency shall provide for the filing and prompt disposition of petitions for declaratory rulings as to the applicability of any . . . rule or order of the agency, and may so provide by procedure or rule. Rulings disposing of petitions have the same status as agency decisions or orders in contested cases.

3 V.S.A. § 808.

In construing a statute, we attempt to discern the intent of the Legislature. See *T. Copeland & Sons, Inc. v. Kansa General Ins. Co.*, 171 Vt. 189, 193, 762 A.2d 471, 473 (2000). We look first at the language of the statute, "with the presumption that the Legislature intended the plain, ordinary meaning of the language." *McMurphy v. State*, 171 Vt. 9, 12, 757 A.2d 1043, 1046 (2000). On its face, the language of § 807 does not go as far as plaintiffs seek. It provides that the court "may" act, not, as plaintiffs argue, that it must act. See *In re D.L.*, 164 Vt. 223, 234, 669 A.2d 1172, 1179-80 (1995). By allowing the court to act whether or not the

plaintiff has requested that the agency determine "the validity or applicability of the rule in question," it suggests strongly that the agency has the power to determine the validity of its rules.

Relying on the fact that 3 V.S.A. § 808 does not specifically state that agencies may issue declaratory rulings as to the validity of rules, and on the decisions in *In re State Aid Highway No. 1, Peru, Vt.*, 133 Vt. 4, 328 A.2d 667 (1974), and *Town of Cavendish v. Vermont Pub. Power Supply Auth.*, 141 Vt. 144, 446 A.2d 792 (1982), plaintiffs argue that agencies cannot determine the validity of their own rules. Plaintiffs greatly overstate the force of that statute and our earlier decisions.

Both §§ 807 and 808 are derived from the Revised 1961 Model State Administrative Procedure Act's §§ 7 and 8. See 15 Uniform Laws Annotated 182, 262-71 (2000). Before the Model Act was written, regulated parties had no definite way to know how any administrative rule would be applied to them, unless agencies made formal rulings. For various reasons agencies were reluctant to give formal declaratory rulings on the applicability of specific rules, and the courts were reluctant to review an agency's refusal to give a formal ruling because courts did not consider a refusal to issue a declaratory opinion a justiciable case. See 1 F. Cooper, State Administrative Law 240-42 (1965). The drafters of the Model Act provisions on declaratory judgments were aware of this "catch 22" and were determined to remedy it by making it harder for agencies to decline to issue declaratory rulings and easier for regulated parties to get timely answers. See *id.* at 242. Accordingly, § 808 requires an agency to create a formal declaratory judgment procedure.

As plaintiffs argue, 3 V.S.A. § 808 does not give an agency authority to issue a declaratory judgment on the validity of its rules. Thus, *Town of Cavendish* holds a declaratory judgment under § 808 "may

not test the validity of administrative or statutory provisions." 141 Vt. at 147, 446 A.2d at 794. The PSB proceeding to which the superior court deferred was not, however, a § 808 declaratory judgment proceeding. In pertinent part, it was a request by the retail electrical utilities that the PSB order amendments to the contracts between the state purchasing agent and the small power producers to substitute terms more favorable to the utilities.

The Legislature has granted the PSB broad powers to implement PURPA. See *In re Vermont Power Exchange*, 159 Vt. at 171, 175, 617 A.2d at 419. 30 V.S.A. § 209(a)(8) provides in relevant part that the PSB "shall have jurisdiction to hear, determine, render judgment and make orders and decrees . . . in all matters respecting . . . [t]he sale to electric companies of electricity" generated by small power producers. 30 V.S.A. § 9 gives the PSB the powers of a court of record. The PSB's decisions are appealable to the Supreme Court, just as the superior court's decisions are. 30 V.S.A. § 12. In view of this broad language, and the protection for litigants afforded by the right to appeal to this Court, we see no limitation on the power of the PSB to consider the validity of its own PURPA rules in the course of a regulatory adjudication, other than a declaratory judgment under 3 V.S.A. § 808. In fact, in *In re Dep't of Pub. Serv.*, 161 Vt. 97, 632 A.2d 1373 (1993), which involved a very similar challenge to the validity of a PSB PURPA rule in the context of a rate case, the PSB adjudicated the challenge, and this Court affirmed based on the PSB record. Although the decision did not consider the challenge made here to the procedure, nothing in the decision suggests that the PSB could not fully and fairly adjudicate the challenge or that this Court did not have an adequate record for review of the PSB decision.

For the above reasons, the PSB and the superior court had concurrent jurisdiction. In general, where two tribunals have concurrent jurisdiction, the first tribunal to obtain jurisdiction should adjudicate the case, and the second should defer to the first. See *City of So. Burlington v. Vermont Elec. Power Co.*, 133 Vt. 438, 443, 344 A.2d 19, 22 (1975). Accordingly, even though it had the power to resolve the question under § 807, the superior court did not abuse its discretion when it deferred to the PSB. See *Levinsky v. State*, 146 Vt. 316, 317, 503 A.2d 534, 536 (1985) (when another remedy exists, court has discretion to refuse declaratory relief).

Because we affirm the judgment below, we decline to rule on the validity of PSB Rule 4.104(G).

*Affirmed.*

Motion for reargument denied July 3, 2002.