STATE OF VERMONT

SUPERIOR COURT                                              ENVIRONMENTAL DIVISION
                                                              Docket No. 67-5-17 Vtec

| 109-111 Shelburne St/97 Locust St CU |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Conditional Use (67-5-17 Vtec)

Title:         Motion for permission to proceed with appeal (Motion 1)
Filer:         Margaret Murray
Attorney:     Paul S. Gillies
Filed Date:    May 26, 2017

Response in Opposition filed on 07/06/2017 by Attorney Brian S. Dunkiel
    for Appellee Champlain Housing Trust
Response in Opposition and adopting opposition of Champlain Housing Trust filed
    on 07/07/2017 by Attorney Kimberlee J. Sturtevant for the City of Burlington.

**RESPONSE shall be filed within 15 days. Additional briefs shall be filed within 30 days.**

The Appellant, Margaret Murray ("Ms. Murray" or "Appellant"), wishes to file an untimely appeal of a March 17, 2017 decision by the City of Burlington Development Review Board ("DRB"). By state statute and the rules of this Court, interested persons have 30 days from the date of a municipal panel's decision to file an appeal. 10 V.S.A. § 8504(b)(1); V.R.E.C.P. 5(b)(1). The Appellant did not file her appeal until May 26, 2017, more than 60 days after the DRB's decision. She cited lack of notice as the reason for the delay.

The Appellant is represented by Paul Gilles, Esq.; the Applicant, Champlain Housing Trust ("Applicant"), is represented by Brian S. Dunkiel, Esq.; and the City of Burlington ("City") is represented by Kimberlee J. Sturtevant, Esq.

### I.      Motion for Late Appeal

The receipt of a timely filed notice of appeal is a prerequisite to our exercise of jurisdiction over an appeal to this Court. See In re Gulli, 174 Vt. 580, 583 (2002) ("Failure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal."). But the Court may extend the time for appeal as provided in Rule 4 of the Vermont Rules of Appellate Procedure. V.R.E.C.P. Rule 5(b)(1). The Court may also accept a late appeal at its discretion if disallowing the right to appeal would result in "manifest injustice." 10 V.S.A.

§ 8505(b)(2).  Manifest injustice is an "exacting and strict standard."  In re Appeal of MDY Taxes, Inc., 199 Vt. 248, 256 (2015).

Ms. Murray filed a Notice of Appeal and cited the "manifest injustice" standard of 10 V.S.A. § 8505(b)(2) as its legal basis.  The reason she provides for her delayed appeal, however, is the City's failure to provide her with a copy of the DRB decision.  Thus, the more appropriate avenue for Ms. Murray's appeal is V.R.A.P. 4(c), which is titled "Reopening the Time to File an Appeal Based on Lack of Notice."   The rule provides that the superior court may, upon a motion, reopen the time to file an appeal for 14 days if:

(1)  the reopening motion is filed within 90 days of entry of the judgment order or within 7 days of receipt of notice of the judgment or order, whichever is earlier; and

(2)  the court finds that a party entitled to notice of the entry of the judgment or order did not receive that notice from the clerk or any party within 21 days of its entry; and

(3)  the court finds that no party would be prejudiced.

V.R.A.P. 4(c)

Although the Appellant did not file a Motion to Reopen the Time to Appeal pursuant to V.R.A.P. 4(c), we accept her motion as serving the dual purpose of a motion to reopen.

Pursuant to 24 V.S.A. § 4464(b)(3), a DRB decision on a permit application "shall be mailed to every person . . . appearing and having been heard at the hearing."  This statute places the onus on the DRB to send the decision to participants who make their views known at a hearing. Here, the Appellant participated in the hearing before the DRB below.[*]  When the DRB issued its decision, however, it did not send the decision to Appellant.  This apparently was because Appellant did not put her contact information on a sign-in sheet at the hearing.  While it may be most prudent for an attendee who wishes to remain engaged with a proposed project to sign in at a hearing on the matter, it is not a prerequisite to the municipalities' notice requirement. The City did not fulfill its burden.

The notice requirement may be satisfied by actual or constructive notice.  See Benning Accessory Use Permit, No. 184-9-09 Vtec, slip op. at 15 (Vt. Envtl. Ct. Mar. 25, 2010) (Wright, J.) (finding where there is constructive notice of the issuance of a permit, even where there are defects in the statutory notice requirements, is sufficient to begin appeal period); see also In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2011) (Durkin, J.)  (A "party who is entitled to notice of [a] decision need not have had access to the official record of the decision in order . . . for the appeal period to run.").  When appellants have reason to know of a DRB decision, even if they are not served with a copy of the decision, "the appeal period runs from the time of having reason to know."  In re Atwood PUD, No. 170-12-14

---

[*] Applicant provided the website address for an archived video of the March 8, 2017 DRB hearing and asked the Court to review the video for the purpose of confirming that the DRB chair advised the public to sign in so there would be a way to get in touch with them.  The Court also viewed the video to confirm that Ms. Murray attended and participated in the hearing.  Her status as either an abutter or an interested person is irrelevant at this juncture; the DRB is required to mail its decision to "every person . . . appearing and having been heard" at a hearing on the matter.  24 V.S.A. § 4464(b)(3) (emphasis added).

Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Feb. 18, 2015) (Walsh, J.). Under V.R.A.P. Rule 4(c), appellants have seven days from receiving notice of a judgment to file an appeal, but no later than 90 days from the judgment.

At some time on or before May 26, 2017, when the Appellant filed her Notice of Appeal, she received actual or constructive notice of the DRB's decision and her rights to appeal. While she is within the 90-day window articulated by Rule 4(c), Appellant did not state when she received notice of the judgment to start the seven-day clock. Before this Court can rule on her motion, more information is required. Appellant is therefore directed to file an affidavit with this Court within 15 days from the date of this Order stating when she received actual or constructive notice of the DRB's decision.

If Appellant did not file her appeal within one week of receiving actual or constructive notice of the DRB's decision, this Court may utilize its discretion under 10 V.S.A. § 8505(b)(2) to grant the allowance of the appeal if disallowing it would result in "manifest injustice." A finding of manifest injustice "requires that due process or fundamental administrative fairness demand that the movant be allowed to contest the municipal approval, notwithstanding the strong policy interest in finality." Atwood PUD, No. 170-12-14 Vtec at 2 (Feb. 18, 2015). In that case, our prior decisions, as well as those of the Vermont Supreme Court, suggest that the 30-day window does not begin to run until the appellant received actual or constructive notice of the municipal panel's (here, the DRB's) decision. Mahar Conditional Use Appeal, No. 113-9-15 Vtec slip op. at 5 (Vt. Super. Ct. Envtl. Div. July 13, 2016) (Durkin, J.).

Because Ms. Murray did not provide enough information to show manifest injustice would result if her appeal is denied, she is further directed to file a brief on that issue within 30 days of this Court's order.

## II.     Motion to Dismiss

Applicant's response to Ms. Murray's notice of appeal includes a motion to dismiss the case under Vermont Rules of Civil Procedure 12(b)(6). Under that rule, a defendant may request the court to dismiss a case based on the plaintiff's "failure to state a claim upon which relief can be granted." V.R.C.P. 12(b)(6). While the Applicant makes an argument that Ms. Murray has failed to allege "any concrete physical or environmental impact on any of her interests caused by the development approved by the DRB decision," the main thrust of its argument seems to be that she does not have standing to appear before this Court. Champlain Housing Trust's Opp'n to Margaret Murray's Req. to File an Appeal at 2–3. That motion is more properly brought under V.R.C.P. 12(b)(1), which allows a court to dismiss a case for lack of jurisdiction over the subject matter. If Ms. Murray does not qualify as an interested person with appeal rights, this Court does not have jurisdiction to hear her appeal. See Parker v. Town of Milton, 169 Vt. 74, 76 –77 (1998).

Applicant argues that Ms. Murray does not have standing because she is not an abutter to the proposed project site and because she failed to provide her name and address on the sign-in sheet. Applicant cites no legal authority, however, to support the proposition that a party must be an abutter, or must sign in at a DRB hearing, to have standing to appeal to the Environmental Division.

Standing "turns on whether the plaintiff, as an interested person, is suffering the threat of actual injury to a protected legal interest, or is merely speculating about the impact of some generalized grievance." Parker, 169 Vt. at 77 (quoting Town of Cavendish, 141 Vt. 144, 147 (1982)). This is encompassed in our municipal land use statutes, under which Appellant asserts standing. Appellant appears to claim status to appeal as an interested person pursuant to 24 V.S.A. § 4471(a) ("An interested person who has participated in a municipal regulatory proceeding . . . may appeal a decision rendered . . . to the Environmental Division.").

In order to qualify as an interested person, Ms. Murray must meet the three-part test in 24 V.S.A. § 4465(b)(3). Pursuant to that statute, an "interested person" is one who: (1) owns or occupies property in the "immediate neighborhood of a property that is the subject of any decision or act" by the DRB; (2) can "demonstrate a physical or environmental impact on [her] interest under the criteria reviewed"; and (3) "alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms" of the City.

In its motion to dismiss, Applicant argues that Ms. Murray's claim that the proposed project site has contaminated soil does not demonstrate a concrete and particularized harm to her property. See Parker, 169 Vt. at 77. Additionally, the Court questions whether the DRB has the authority to regulate toxic chemicals in soil; if not, jurisdiction fails because Appellant has not demonstrated an impact on her interest "under the criteria reviewed." 24 V.S.A. § 4465(b)(3).

Applicant only addresses the question of party status and standing in a peripheral manner in its motion, and Ms. Murray did not file a response. Because this issue has been raised and appears to have some merit, the Court orders the parties to file briefs on Ms. Murray's right to appeal as an interested person.

### III. Order

1. Appellant shall file an affidavit within 15 days of the date of this Entry Order explaining when and how she received notice of the DRB's decision.

2. If Appellant waited longer than seven days after receiving notice of the judgment to file this appeal, she is directed to file a brief within 30 days of this Entry Order explaining whether manifest injustice would result if her appeal is denied.

3. The parties shall file briefs on Appellant's standing before this Court within 30 days of the date of this Entry Order. If they wish to, the parties may then file reply memos within 15 days of the initial briefs being filed.

Electronically signed on July 14, 2017 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

4

Notifications:

Paul S. Gillies (ERN 3786), Attorney for Appellant Margaret Murray

Kimberlee J. Sturtevant (ERN 4778), Attorney for Interested Person City of Burlington

Brian S. Dunkiel (ERN 4594), Attorney for Appellee Champlain Housing Trust