VERMONT SUPREME COURT

109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-364



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2025

| | |
|---|---|
| Sean Thompson v. Frank Venturella\* | APPEALED FROM: |
| | Superior Court, Rutland Unit, |
| | Civil Division |
| | CASE NO. 24-ST-01097 |
| | Trial Judge: Alexander N. Burke |

In the above-entitled cause, the Clerk will enter:

Defendant Frank Venturella appeals from a final order against stalking requiring him to stay away from plaintiff Sean Thompson.  We affirm.

Plaintiff filed a complaint seeking an anti-stalking order against defendant in October 2024.  The civil division issued a temporary protective order and set the matter for an evidentiary hearing.

Both parties were present at the hearing and represented themselves.  The trial court found by a preponderance of the evidence that defendant purposefully threatened plaintiff with physical harm on more than one occasion, causing plaintiff to fear for his safety.  It therefore concluded that plaintiff had stalked defendant and issued a final anti-stalking order.  This appeal followed.

Before considering defendant's arguments on appeal, we address an important threshold issue.  In his brief, defendant cited three purported decisions of this Court: "State v. Gurney, 174 Vt. 465 (2002)," "State v. Doe, 166 Vt. 177 (1997)," and "State v. Lunn, 166 Vt. 154 (1997)." The Vermont Reports citations provided by defendant, however, correspond to entirely different opinions.  See Barnet Hydro Co. v. Pub. Serv. Bd., 174 Vt. 464 (2002) (mem.); In re J.T., 166 Vt. 173 (1997); Rhodes v. Town of Georgia, 166 Vt. 153 (1997).  We were unable to identify any existing case defendant may have intended to reference through the citations provided in his brief.

We remind defendant that by presenting a document to this Court, he is certifying that:

> to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension,

> modification, or reversal of existing law or the establishment of new law.

V.R.C.P. 11(b)(2); see V.R.A.P. 25(d)(2) ("By presenting a document to the Court—whether by signing, filing, submitting, or later advocating it—an attorney <u>or self-represented party</u> is making the certification provided by V.R.C.P. 11(b) as to that paper." (emphasis added)). Self-represented litigants "receive some leeway from the courts" but are nonetheless bound by the ordinary rules of procedure, "includ[ing] the obligations of Rule 11 and sanctions for noncompliance." <u>Zorn v. Smith</u>, 2011 VT 10, ¶ 22, 189 Vt. 219. Defendant is warned that future conduct of this nature may result in sanctions. See V.R.A.P. 25(d)(3) ("If after notice and a reasonable opportunity to respond, the Court determines that V.R.C.P. 11(b) has been violated, the Court may, subject to V.R.C.P. 11(c), impose an appropriate sanction on those violating the rule or responsible for the violation.").

With this understanding, we turn to defendant's arguments. On appeal from a final order against stalking, we will uphold the trial court's findings if supported by the evidence and its conclusions if supported by those findings. <u>Beatty v. Keough</u>, 2022 VT 41, ¶ 6, 217 Vt. 134. We review the court's legal conclusions—including its interpretation of the civil stalking statute—without deference. <u>Haupt v. Langlois</u>, 2024 VT 3, ¶ 9, 218 Vt. 605; <u>Morton v. Young</u>, 2023 VT 29, ¶ 10, 218 Vt. 96.

Defendant first contends that the trial court failed to apply the correct standard of proof. He asserts that under 15 V.S.A. § 1151, plaintiff bore the burden of proving that defendant stalked him by clear and convincing evidence and suggests that the court erred in applying the less-demanding preponderance-of-the-evidence standard. See <u>In re E.T.</u>, 2004 VT 111, ¶ 12, 177 Vt. 405 (explaining that clear-and-convincing evidence standard imposes greater burden than preponderance-of-the-evidence standard).

Section 1151 of Title 15 has no application here. It does not articulate the burden of proof in a civil stalking proceeding or, indeed, any other type of proceeding. See 15 V.S.A. § 1151 (setting forth definitions applicable to subchapter 3 of chapter 21, Title 15, pertaining to address confidentiality). Rather, under Vermont's civil stalking statute, the trial court must impose a final order against stalking if it "finds <u>by a preponderance of the evidence</u> that the defendant has stalked . . . the plaintiff." 12 V.S.A. § 5133(d) (emphasis added). The trial court applied the correct standard of proof.

We are unable to address defendant's remaining arguments because they are inadequately briefed. The Vermont Rules of Appellate Procedure require that an appellant's brief contain "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies." V.R.A.P. 28(a)(4)(A); <u>Pcolar v. Casella Waste Sys., Inc.</u>, 2012 VT 58, ¶ 19, 192 Vt. 343 (holding that self-represented litigants must satisfy minimum briefing standards set forth in Rule 28(a)(4)).

Defendant contends that plaintiff failed to timely submit his evidence, resulting in prejudice and violating his due-process rights. However, he fails to identify the evidence in question, demonstrate how this issue was preserved, or explain how he was prejudiced. Defendant also argues that the trial court based its findings on unreliable testimony and unauthenticated evidence, again in violation of his due-process rights. He similarly neglects to identify the testimony or other evidence at issue, explain why it was not reliable or appropriately authenticated, demonstrate how his claims were preserved, or challenge any specific finding of

the trial court. Finally, defendant asserts that newly discovered evidence warrants reconsideration of the final order, but fails to show that he presented this argument to the trial court in the first instance as required. See V.R.C.P. 80.10(a)(1); V.R.C.P. 59(a); V.R.C.P. 60(b)(2). To the extent defendant intended to raise other arguments in his brief distinct from those listed above, we are unable to discern them.

It is the appellant's burden "to demonstrate how the lower court erred warranting reversal," and "[w]e will not comb the record searching for error." In re S.B.L., 150 Vt. 294, 297 (1988). Defendant has not satisfied this burden with respect to any of his remaining arguments. As a result, we do not address them. See Swett v. Gates, 2023 VT 26, ¶¶ 34-35, 218 Vt. 76 (declining to address inadequately briefed constitutional argument).

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
Nancy J. Waples, Associate Justice