VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00072



| Lot 20, 295 Applewood Road Wetland Determination |
| --- |

## ENTRY REGARDING MOTION

Title:   Motion to Dismiss (Motion: 5)
Filer:   Kane Smart, Esq.
Filed Date:  April 17, 2025

   No response filed.

**The motion is GRANTED**.

   This is an appeal of a July 17, 2024 decision of the Agency of Natural Resources (ANR) denying Steven and Bonnie Platt, Hilary Burditt, and Joshua Vogel's (together, Appellants) request for reconsideration of a wetland determination, dated September 11, 2023, concluding that there was a Class II wetland located on property owned by Alta Assets, LLC (Alta Assets) located at 295 Applewood Road, Warren, Vermont (the Property). Presently before the Court is ANR's motion to dismiss Appellants for lack of standing. Appellants have not filed any response to the motion challenging their standing.

   A party's standing is a question of subject matter jurisdiction. Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234 (citation omitted). Thus, the Court reviews the pending motion to dismiss under the standard of review afforded by Vermont Rules of Civil Procedure (V.R.C.P.) Rule 12(b)(1). In re Main St. Place LLC, Nos. 120-7-10 Vtec, 191-11-10 Vtec, et. al., slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jun. 19, 2012) (Durkin, J.). That is, the Court accepts as true all uncontroverted factual allegations and construes them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. When a party's standing is challenged, however, the party must demonstrate that it has standing to appeal to this Court. See In re Silver Birch Props., LLC, No. 22-ENV-00070, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 29, 2023) (Durkin, J.) (citing Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235) ("While the Court initially accords persons who enter a timely appearance party status, if challenged the party must demonstrate, at a minimum, that they are vested with constitutional standing to remain as a party before the Court in the pending appeal.").

Only a "person aggrieved by an act or decision of the Secretary [of ANR]" may appeal that decision to this Court. 10 V.S.A. § 8504(a). A "person aggrieved" is one "who alleges an injury to a particularized interested protected by the provisions of law listed in section 8503 of [Title 10], attributable to an act or decision by . . . the Secretary [of ANR] . . . that can be redressed by the Environmental Division . . ." 10 V.S.A. § 8502(7).[1]

The standing requirement originates with Article III of the United States Constitution, which states that courts only have jurisdiction over actual cases or controversies, and Vermont has adopted this case or controversy requirement. Paige v. State, 2018 VT 136, 209 Vt 379 (citation omitted). The "case and controversy requirement" ensures that a party show "the threat of actual injury to a protected legal interest . . . ." Town of Cavendish v. Vt. Pub. Power Supply Auth., 141 Vt. 144, 147 (1982). To show standing, plaintiffs have the burden of demonstrating "(1) injury in fact, (2) causation, and (3) redressability." Parker v. Town of Milton, 169 Vt. 74, 77 (1998); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (describing the three elements in detail). A party's "particular injury" cannot be "merely speculating about the impact of some generalized grievance." Parker, 169 Vt. at 77; see Town of Cavendish, 141 Vt. at 147 (same); see also 10 V.S.A. § 8502(7) (requiring that a person aggrieved must show a "particularized injury"). Further, an injury may not be "conjectural or hypothetical rather than actual or imminent." Turner v. Shumlin, 2017 VT 2, ¶ 9, 204 Vt. 78 (citations omitted). "Stated another way, a [party] must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct, which is likely to be redressed by the requested relief." Parker, 169 Vt. at 78.

Appellants have failed to respond to the pending motion. As such, they fail to adequately support their claim of standing as required when standing is challenged. Thus, it is difficult for the Court to analyze their standing. Despite this, the Court reviews the comments and petition Appellants submitted to ANR below in support of their petition presently on appeal. ANR provided these documents as exhibits to the present motion.

A review of these comments shows that Appellants want the wetland to be delineated as a Class III wetland as opposed to a Class II wetland so that the Meadowland Overlay regulations within the Town of Warren (Town) Land Use Development Regulations (Zoning Regulations) will apply to the Property and limit the portion of the Property that may be developed by a single-family home. They assert the Meadowland Overlay regulations are meant to protect agricultural lands and soils in

---

[1] ANR also cites to the general constitutional provisions of standing, injury, causation, and redressability that, as a practical matter, are reflected in the definition of persons aggrieved.

accordance with the Warren Town Plan. See Ex. A at 2. While Appellants take issue with Alta Asset's engineering with respect to the wetland at issue and argue that the Class II delineation was in error, they provide no other non-local zoning injury to them.

This injury is not "attributable" to the decision on appeal issued by the Secretary, nor has there been any allegation that the zoning implications are a consideration by ANR when ANR issues wetlands delineations. What's more, even if the alleged injury was attributable to the decision on appeal itself, the documents provided do not connect the application or non-application of the Meadowland Overlay regulations to any injury that is particularized to Appellants.[2] To the extent that their comments address general concerts with Vermont's land and environment or a general interest in the applicability of the Zoning Regulations, these are generalized grievances that are not sufficiently particularized. Parker, 169 Vt. at 77; see Town of Cavendish, 141 Vt. at 147; see also 10 V.S.A. § 8502(7).

Finally, even if the Court were to assume that the Appellants have raised a sufficient particularized injury as it relates to the Zoning Regulations, that injury is not redressable by this Court in this appeal. In a previous docket, this Court concluded that Alta Assets had a final and binding permit for the construction of a single-family home on the Property issued in December 2022 and that Appellants could not challenge that permit and its determinations with respect to the applicability of the Meadowland Overlay regulations in a subsequent permitting decision. In re Alta Assets, LLC Appeal, No. 23-ENV-00071 (Vt. Super. Ct. Envtl. Div. Jan. 31, 2024) (Durkin, J.). The Vermont Supreme Court affirmed this Court's decision in a February 2025 Entry Order. See In re Alta Assets, LLC Appeal, No. 24-AP-122 (Vt. Super. Ct. Feb. 2025).

Thus, Alta Assets has a final and binding zoning permit that does not subject its project to the Meadowland Overlay regulations. This Court can issue no decision in this wetlands delineation appeal that can redress Appellants' alleged injury that stems from a decision within that final and binding conclusion. Put another way, even if this Court were to issue a decision in Appellants' favor and conclude that the at-issue wetland is a Class III wetland and not a Class II wetland, that decision would

---

[2] For example, their comments note that they have had to comply with these overlay regulations and have a general interest in protecting resources, such as agricultural soils which serve climate functions. To the extent they argue that the Property is "active farmland" and there is an interest in protecting soils, it is not disputed that the Property is owned by Alta Assets and Appellants do not connect in their comments to any injury particular to them at this time. Appellants have failed to respond to the pending motion to demonstrate how such an assertion is a particularized interest to each of them giving rise to their standing to appeal. They do not provide an assertion that the wetland at issue impacts them at their properties, and instead Appellants assert that the at-issue wetland is not hydrologically connected to any nearby wetland and provides no significant functions.

not change the fact that Alta Assets has a zoning permit that did not apply the Meadowland Overlay regulations to the Property and that its zoning permit is final and binding on all parties.  Thus, their alleged injury is not redressable by this Court.

Appellants fail to respond to the pending motion challenging their standing.  Upon a review of ANR's exhibits, which include Appellants' written comments and petition to ANR below, the Court concludes that Appellants lack standing to appeal ANR's decision to this Court because their injury is not "attributable" to the decision on appeal, it is not particularized to them and, to the extent that it is, it is not redressable by the Court.  Thus, ANR's motion to dismiss is **GRANTED** and this matter is **DISMISSED**.

This concludes the matter before the Court.  A Judgment Order accompanies this Decision.

Electronically signed this 18ᵗʰ day of June 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division