VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 25-ENV-00049

State Wastewater System & Potable Water Supply Permit WW-5-9867

### ENTRY REGARDING MOTION

Title: Motion to Dismiss (Motion: 1)
Filer: Scott M. Rosenblum
Filed Date: August 7, 2025

Response to Motion, filed on August 29, 2025, by Matthew M. McAlonan.

Opposition to Response to Motion, filed on September 3, 2025, by Scott M. Rosenblum.

Sur-Reply to Opposition to Response to Motion, filed September 5, 2025, by Matthew M. McAlonan.[1]

Sur-Reply to Sur-Reply, filed on September 8, 2025, by Scott M. Rosenblum.

**The motion is GRANTED**.

In this matter, Matthew McAlonan appeals the issuance of Wastewater System and Potable Water Supply Permit WW-5-9867 dated June 2, 2025 (the Permit) by the Agency of Natural Resources (ANR) to Scott Rosenblum related to Mr. Rosenblum's property at 895 Scrabble Hill Road, Duxbury, Vermont (the Property). Presently before the Court is Mr. Rosenblum's motion to dismiss this appeal on multiple grounds. Mr. McAlonan opposes the motion. Because the Court concludes that dismissal is appropriate for lack of standing, the Court address this first.

A party's standing is a question of subject matter jurisdiction. Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234 (citation omitted). Thus, the Court reviews the pending motion to dismiss under the standard of review afforded by Vermont Rules of Civil Procedure (V.R.C.P.) Rule 12(b)(1). In re Main St. Place LLC, Nos. 120-7-10 Vtec, 191-11-10 Vtec, et. al., slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jun. 19, 2012) (Durkin, J.). That is, the Court accepts as true all uncontroverted factual allegations and construes them in a light most favorable to the nonmoving party. Rheaume v. Pallito,

---

[1] Both Mr. McAloan, with respect to the September 5, 2025 sur-reply, and Mr. Roseblum, with respect to the September 8, 2025 sur-reply, moved for leave to file such sur-replies with respect to the motion. The Court **GRANTS** both parties leave in these circumstances because the filings were short and the Court did read them.

2011 VT 72, ¶ 2, 190 Vt. 245.  When a party's standing is challenged, however, the party must demonstrate that it has standing to appeal to this Court.  See In re Silver Birch Props., LLC, No. 22-ENV-00070, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 29, 2023) (Durkin, J.) (citing Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235) ("While the Court initially accords persons who enter a timely appearance party status, if challenged the party must demonstrate, at a minimum, that they are vested with constitutional standing to remain as a party before the Court in the pending appeal.").

Only a "person aggrieved by an act or decision of the Secretary [of ANR]" may appeal that decision to this Court.  10 V.S.A. § 8504(a).  A "person aggrieved" is one "who alleges an injury to a particularized interested protected by the provisions of law listed in section 8503 of [Title 10], attributable to an act or decision by . . . the Secretary [of ANR] . . . that can be redressed by the Environmental Division . . ." 10 V.S.A. § 8502(7).

The standing requirement originates with Article III of the United States Constitution, which states that courts only have jurisdiction over actual cases or controversies, and Vermont has adopted this case or controversy requirement.  Paige v. State, 2018 VT 136, 209 Vt 379 (citation omitted).  The "case and controversy requirement" ensures that a party show "the threat of actual injury to a protected legal interest . . . ." Town of Cavendish v. Vt. Pub. Power Supply Auth., 141 Vt. 144, 147 (1982). ).  A party's "particular injury" cannot be "merely speculating about the impact of some generalized grievance." Parker v. Town of Milton, 169 Vt. 74, 77 (1998); see Town of Cavendish, 141 Vt. at 147 (same); see also 10 V.S.A. § 8502(7) (requiring that a person aggrieved must show a "particularized injury").  Further, an injury may not be "conjectural or hypothetical rather than actual or imminent." Turner v. Shumlin, 2017 VT 2, ¶ 9, 204 Vt. 78 (citations omitted).  "Stated another way, a [party] must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct, which is likely to be redressed by the requested relief." Parker, 169 Vt. at 78.

In his first response to the pending motion, Mr. McAlonan provides no understanding of his standing to appeal the Permit to this Court.  Instead, in his sur-reply, Mr. McAlonan asserts he has standing to appeal to this Court because the Property is "directly adjacent to [Mr. McAlonan's] neighborhood and involves construction over a confirmed Class II wetland." See Sur-Reply at 1 (filed Sept. 5, 2025).  He asserts that impact to the wetland will threaten his property by increasing the risk of flooding, altering drainage patterns, reducing habitat and negatively impacting environmental quality in the area. Id. Mr. McAlonan has not provided any understanding of where either the system on appeal or the alleged Class II wetland is located in relationship to his property for the Court to

analyze whether the alleged impact is fairly traceable to the Permit on appeal.[2] As such, he has not connected the alleged impacts from the system to an interest that is particularized to him.[3] Thus, as presented, the Court has not been provided with sufficient information to conclude that any alleged impact or injury is fairly traceable to the Permit and we conclude that Mr. McAlonan has failed to demonstrate his standing related to his property.

Additionally, in his sur-reply, Mr. McAlonan asserts that he is the beneficiary of his mother's living trust and that such trust owns property adjected to the Property. First, the trust did not timely appeal this matter and therefore the trust, generally, cannot now appeal the Permit to this Court. See V.R.E.C.P. 5(b)(1); Bischoff v. Bletz, 2008 VT 16, ¶ 15 (citation omitted). Second, Mr. McAlonan, while asserting that he is a beneficiary of said trust, has provided no understanding of the status of his interest, for instance whether the trust is revocable or irrevocable, to allow the Court to determine whether his interest would be sufficient to afford him individual standing as it relates to the trust's property. Finally, there has been no connection between the alleged impacts and the trust's property. Thus, the Court concludes that Mr. McAlonan has not demonstrated standing as it relates to the trust's property.

Because Mr. McAlonan lacks standing to appeal the Permit to this Court, this Court lacks jurisdiction to hear this appeal.[4] Therefore, Mr. Rosenblum's motion to dismiss is **GRANTED** and this matter is **DISMISSED**. Having reached this conclusion, all other assertions in the motion are **MOOT**, as is Mr. McAlonan's September 3, 2025 motion for leave to file out of time.

This concludes the matter before the Court. A Judgment Order accompanies this Decision. Electronically signed this September 23, 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] While Mr. McAlonan's Notice of Appeal indicates that his property is borders the Property, see Notice of Appeal (filed June 30, 2025), this limited reference does not sufficiently connect the alleged impacts to his interests.

[3] The Court notes that alleged impacts to the "neighborhood" or general surrounding area are not sufficiently particularized as presented.

[4] It is for this reason that, to the extent Mr. McAlonan asserts we must let him maintain his appeal on efficiency grounds, the Court is without jurisdiction to do so.