2005 VT 81

**Eugene F. LADD v. Matthew VALERIO**

[883 A.2d 764]

No. 03-522

¶ 1. July 13, 2005. Eugene Ladd appeals a superior court order dismissing his complaint challenging the Defender General's authority to conduct a merits review of all requests for post-conviction relief, V.R.C.P. 75 complaints, and habeas corpus petitions filed by pro se litigants. Because appellant does not allege that he was denied counsel in a particular case as a result of the challenged policy, we conclude that he lacks standing to seek declaratory relief in this case and dismiss the appeal.

¶ 2. In December 2001, the Defender General issued Prisoners Rights Directive 113001.wpd, which establishes a procedure under which the Prisoner's Rights Office (PRO) reviews incoming V.R.C.P. 75 complaints, post-conviction relief claims, and habeas corpus petitions for merit. In January 2003, appellant filed a Rule 75 complaint in the superior court challenging the Defender General's authority to issue the directive. He argued that: (1) 13 V.S.A. § 5233 requires the Defender General to represent a needy petitioner in any post-conviction proceeding the prisoner believes is appropriate; and (2) the directive issued in violation of the Vermont Administrative Procedure Act. As such, appellant's complaint does not allege that he was improperly denied counsel in a particular case, but rather is a general challenge to the Defender General's statutory authority to issue the directive.

¶ 3. Every petition for declaratory relief must be rooted in an actual controversy between the parties; otherwise, the plaintiff lacks standing to sue, and the courts have no jurisdiction to grant the relief sought. *Town of Cavendish v. Vt. Pub. Power Supply Auth.*, 141 Vt. 144, 147, 446 A.2d 792, 794 (1982). To establish standing in Rule 75 proceedings, the plaintiff " 'must allege at least the threat of an "injury in fact" to some protected interest.' " *Richards v. Town of Norwich*, 169 Vt. 44, 49, 726 A.2d 81, 85 (1999) (quoting *Town of Cavendish*, 141 Vt. at 148, 446 A.2d at 794). Indeed, we have stated that "[t]he availability of declaratory relief turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest, or is merely speculating about the impact of some generalized grievance." *Town of Cavendish*, 141 Vt. at 147, 446 A.2d at 794.

¶ 4. Appellant has not alleged that he was threatened with denial of counsel in any particular case as a result of the directive. Rather, he speculates about the possible impact of such a policy on potential pro se litigants such as himself, and raises a broad challenge to the Defender General's authority to decline representation in post-conviction matters. As such, appellant does not allege that he suffers the threat of any "injury in fact," and he has not established an actual controversy sufficient to confer jurisdiction on this Court. Accordingly, the appeal is dismissed.

*Dismissed.*