STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**CIVIL DIVISION**
**Docket No. 544-9-15 Wncv**

2016 DEC 13 P 4: 1

FILED

JEFFREY-MICHAEL BRANDT
    Plaintiff

        v.

ANDREW PALLITO, Commissioner,
Vermont Department of Corrections
    Defendant

## DECISION
### Plaintiff's Motion for Summary Judgment and
### The State's Motion to Dismiss

Plaintiff–Inmate Jeffrey-Michael Brandt brought this case to challenge how the Vermont Department of Corrections has implemented 28 V.S.A. § 854, which requires the DOC to adopt grievance procedures.[1] He asks the court to declare the principal grievance procedure, the Offender Grievance System for Field and Facilities, void and order the DOC to adopt a new policy that complies with his interpretation of § 854. Mr. Brandt's primary objection is that the grievance procedure ends with an appeal to the commissioner rather than beginning with a complaint to the commissioner, which is what he believes § 854 requires. He also asserts that his grievances almost always are denied and that the administrative process takes too long. He believes that these are effects of the way the system was designed. Mr. Brandt has filed a motion for summary judgment advancing his interpretation of § 854. The State opposes summary judgment and has filed a motion to dismiss for lack of standing.

This case arises out of Mr. Brandt's interpretation of 28 V.S.A. § 854, which provides:

The commissioner shall establish procedures to review the grievances of inmates. The commissioner may utilize the services of a hearing officer to review grievances. Such procedures shall provide for the following:

(1) The review of grievances shall be by a person or persons other than the person or persons directly responsible for the conditions or actions giving rise to the grievance;

(2) All inmates shall be allowed to communicate grievances directly to the commissioner, and an inmate's right to file grievances shall not be restricted.

(3) All inmates shall be informed of the grievance procedure, which shall be available to all inmates.

---

[1] Mr. Brandt withdrew any claims about local procedures in out of state facilities when he was returned to Vermont.

The DOC has adopted rules which provide procedures for emergency grievances, grievances involving serious misconduct of staff, and standard grievances. Directives #320, #320.01. Mr. Brandt has focused on the procedure for standard grievances. He complains that it is a multistep process that begins with informal dispute resolution and culminates with an appeal to the commissioner. He argues that § 854(2) requires that inmates must be permitted to initiate the grievance process *directly* with the commissioner and that the procedure adopted by the DOC is not what the statute contemplates.

Mr. Brandt has not asserted that he has any underlying dispute with the DOC in which he was required to pursue the process outlined in Directives #320 and #320.01 and was not permitted to address his concern directly to the commissioner, nor does he assert that he faces that situation imminently. In these circumstances, the court concludes that Mr. Brandt lacks standing to pursue an abstract legal issue.

Framing his complaint as seeking declaratory relief does not avoid the need to demonstrate standing.

> Every petition for declaratory relief must be rooted in an actual controversy between the parties; otherwise, the plaintiff lacks standing to sue, and the courts have no jurisdiction to grant the relief sought. To establish standing in Rule 75 proceedings, the plaintiff "'must allege at least the threat of an "injury in fact" to some protected interest.'" Indeed, we have stated that "[t]he availability of declaratory relief turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest, or is merely speculating about the impact of some generalized grievance."

*Ladd v. Valerio*, 2005 VT 81, ¶ 3, 178 Vt. 614 (citations omitted). Mr. Brandt's petition for declaratory relief is not rooted in any actual controversy between the parties. He believes that the DOC has interpreted 28 V.S.A. § 854 incorrectly. He wants the DOC to adopt a policy that complies with his interpretation of § 854 to remedy that incorrect interpretation. No injury to Mr. Brandt hangs in the balance. See Wright & Miller, et al., 13A Fed. Prac. & Proc. Juris. § 3531 (3d ed.) ("Standing doctrines are employed to refuse to determine the merits of a legal claim, on the ground that even though the claim may be correct the litigant advancing it is not properly situated to be entitled to its judicial determination. The focus is on the party, not the claim itself." (footnote omitted))."

Mr. Brandt's belief that he is right and the DOC is wrong is not its own self-generating source of standing. "Declaratory judgment is appropriate when a judgment 'will terminate the controversy or remove an uncertainty.' This controversy must involve the threat of actual injury to a party's protected interest. Otherwise, 'a declaratory judgment is merely an advisory opinion which [courts] lack the constitutional authority to render.'" *McAdams v. Town of Barnard*, 2007 VT 61, ¶ 9, 182 Vt. 259 (2007) (citations omitted). The injury must be "'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' A mere abstract question or hypothetical threat is not a sufficient basis for a declaratory judgment." *Williams v. State*, 156 Vt. 42, 60, 589 A.2d 840, 851 (1990) (citation omitted). Without some actual controversy at

2

issue that has gotten tangled up in the procedural issues Mr. Brandt is attempting to raise, he presents only an abstract question and seeks only an advisory opinion.

In *Wool v. Pallito*, No. 455-7-15 Wncv (Vt. Super. Ct.), an inmate pursued in court a gender-based equal protection claim. The DOC sought dismissal for failure to exhaust administrative remedies, arguing that Mr. Wool had completely skipped the grievance process. In response, Mr. Wool argued that he exhausted under 28 V.S.A. § 854(2) because he had raised the issue directly with the commissioner—reflecting nearly the same interpretation of § 854 that Mr. Brandt advances in this case. This caused the court to address the substance of the § 854 issue. It rejected Mr. Wool's interpretation of § 854, concluded that he still was required to exhaust under the grievance procedure and had failed to do so, and granted the State's motion for judgment on the pleadings. See *Wool*, Opinion and Order on the State's Motion for Judgment on the Pleadings (filed Apr. 18, 2016). The issue did not turn to standing; the § 854 issue arose in the context of an actual controversy, the underlying grievance about an equal protection issue.

There is no such underlying grievance in this case because there was no real claim to exhaust. An inmate who reads the DOC's rules has no standing to sue to challenge the validity of provisions with which he disagrees any more than a member of the public has a basis to sue any other state agency or department when he or she disputes whether agency regulations properly implement statutory law. Neither may sue without showing an active situation that will be affected by the rule.

Mr. Brandt generally asserts that he has been injured by the DOC's rules or practices with past grievances that evidently no longer are at issue. For standing purposes, however, the injury must be "'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Williams*, 156 Vt. at 60 (citation omitted). There is no such injury at stake in this case. Therefore, Mr. Brandt lacks standing to have his argument decided by the court .

## ORDER

For the foregoing reasons, the State's motion to dismiss is granted. Mr. Brandt's motion for summary judgment is denied.

Dated at Montpelier, Vermont this 13th day of December 2016.

Mary Miles Teachout
Superior Judge

3